THE STATE OF OHIO, APPELLEE, *v.* SAWYER, APPELLANT.

[Cite as *State v. Sawyer*, 124 Ohio St.3d 547, 2010-Ohio-923.]

*Court of appeals' judgment reversed in part on the authority of State v. Underwood, and cause remanded.*

(No. 2009-1332 — Submitted February 17, 2010 — Decided March 16, 2010.)

APPEAL from the Court of Appeals for Hamilton County, No. C-080433,

183 Ohio App.3d 65, 2009-Ohio-3097.

_____

{¶ 1} The judgment of the court of appeals is reversed on the authority of *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, as to the court of appeals' holding that it was without authority to review appellant's second and third assignments of error, and the cause is remanded to the court of appeals for further proceedings consistent with *State v. Underwood.*

MOYER, C.J., and PFEIFER, O'CONNOR, and LANZINGER, JJ., concur.

LUNDBERG STRATTON and O'DONNELL, JJ., dissent.

CUPP, J., dissents for the reasons stated in his dissenting opinion in *State v. Underwood.*

_____

**O'DONNELL, J., dissenting.**

{¶ 2} Respectfully, I dissent.

{¶ 3} I continue to adhere to the views expressed in my dissent in *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, that a sentence in a criminal case is authorized by law if it is within the statutory range of penalties established by the General Assembly. Id. at ¶ 55 (O'Donnell, J., dissenting). Further, a sentence that is authorized by law, jointly recommended by the parties, and imposed by the court is not subject to review even if it includes

convictions for allied offenses of similar import. Id. at ¶ 64 (O'Donnell, J., dissenting). According to R.C. 2953.08(D)(1), "[a] sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge."

**{¶ 4}** In this case, the grand jury indicted Tiffany Sawyer on two counts of felonious assault, second-degree felonies, each of which carries a maximum term of eight years' incarceration. However, the prosecution and the defense reached an agreement: Sawyer agreed to plead guilty to two different counts of aggravated assault, fourth-degree felonies, and the parties agreed to jointly recommend an aggregate sentence of three years' incarceration. The trial court accepted the guilty pleas and imposed the jointly recommended sentence of two consecutive 18-month terms, and the court of appeals affirmed that judgment. *State v. Sawyer*, 183 Ohio App.3d 65, 2009-Ohio-3097, 915 N.E.2d 715, ¶ 70.

**{¶ 5}** Notwithstanding Sawyer's agreement to a three-year sentence as punishment for her conduct, the majority relies on *Underwood* and reverses on the basis that the trial court's failure to merge the two counts of aggravated assault as allied offenses is subject to appellate review. Thus, not only does Sawyer receive the benefit of the plea-bargained agreement by avoiding convictions for felonious assault as well as the potential maximum eight-year term of incarceration on each count, but also she receives a sentence of one-half the term she agreed to for her conduct. This result denies the state the benefit of its bargain and the opportunity to convict Sawyer of the felonious-assault charges.

**{¶ 6}** The remedy fashioned by the majority in *Underwood* of merging the sentences for the allied offenses is patently unfair to the state because it fails to address the plea bargain and deals only with the sentence recommended by the parties and imposed by the court. Because the state is deprived of the sentence to which it agreed, equity would suggest that it have the opportunity to renegotiate

the plea agreement with the defendant. Both the plea and the sentence therefore ought to be vacated in fairness to both parties.

{¶ 7} The legislature never intended the allied-offenses statute, R.C. 2941.25(A), to apply as an exception to R.C. 2953.08(D)(1), which bars the appeal of a sentence that is authorized by law, jointly recommended by the parties, and imposed by the trial court. Nor did it intend a criminal defendant to gain the benefit of a plea-bargained reduction in charges and at the same time avoid the agreed-upon penalty.

{¶ 8} Because the majority has misinterpreted the manifest purpose of the legislature in enacting R.C. 2953.08(D)(1), I urge the General Assembly to clarify its intent, to avoid the forthcoming appeals that will inevitably be generated by the court's decisions in this case and in *Underwood*.

LUNDBERG STRATTON, J., concurs in the foregoing opinion.

_____

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Rachel Lipman Curran, Assistant Prosecuting Attorney, for appellee.

Timothy Young, Ohio Public Defender, and Claire R. Cahoon, Assistant Public Defender, for appellant.

_____