[Cite as *State v. McPherson*, 2012-Ohio-859.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | C.A. No. 11CA0024-M |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| PAUL C. MCPHERSON | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | CASE No. 07-CR-0244 |

DECISION AND JOURNAL ENTRY

Dated: March 5, 2012

BELFANCE, Presiding Judge.

{¶1}     Defendant-Appellant Paul McPherson appeals from the judgment of the Medina County Court of Common Pleas. For the reasons set forth below, we reverse.

I.

{¶2}     This matter has a rather unusual procedural history, the recitation of which is necessary in order to understand this Court's decision. On May 2, 2007, Mr. McPherson was indicted for one count of possession of marijuana, in violation of R.C. 2925.11(A)(C)(3)(d), a felony of the third degree and one count of trafficking in 3, 4-Methylenedioxymethamphetamine, in violation of R.C. 2925.03(A)(2)(C)(1)(d), a felony of the second degree. In addition, there was an accompanying forfeiture specification concerning $1,660 in cash. On November 15, 2007, Mr. McPherson entered a no contest plea. In January 2008, Mr. McPherson was sentenced to five years in prison. The sentencing entry contained erroneous post-release control notification. On February 8, 2008, Mr. McPherson filed a motion

for a delayed appeal in this Court; however, on May 15, 2008, this Court dismissed the appeal due to Mr. McPherson's failure to file a docketing statement along with a copy of the final judgment entry.

{¶3} On May 14, 2010, Mr. McPherson moved to be resentenced pursuant to *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, due to improper post-release control notification. While the matter was pending resentencing, Mr. McPherson on August 2, 2010, moved to withdraw his plea based upon the failure of the trial court to completely inform him of his post-release control obligations. On September 24, 2010, the trial court held a hearing on Mr. McPherson's motion to withdraw his plea. Notably, the State was not opposed to the motion as it felt that "the sentence was far too light." At the hearing the prosecutor stated, "We don't have any objection to him withdrawing his pleas, and we're ready to try the case." The trial court warned the defendant that it did not know about the case and that, if Mr. McPherson withdrew his plea, he could face a greater prison sentence. Mr. McPherson stated that he understood this possibility, and the trial court granted the motion to withdraw the plea. The case proceeded through typical pre-trial matters, with defendant's counsel filing numerous motions concerning discovery and a request for funds for obtaining an expert. The jury trial was continued several times and was ultimately scheduled for January 31, 2011.

{¶4} On January 31, 2011, Mr. McPherson elected to not proceed with his jury trial and instead wished to plead to the offenses. He signed a form stating that he "hereby voluntarily waive[s] and relinquish[es] [his] rights to a trial by jury and elect[s] to proceed to a re-sentencing for purposes of prc." However, the trial court did not inform Mr. McPherson of the rights he would be waiving upon entering a plea, and it did not sentence him for the offenses upon entering a plea. Instead, it appears that the parties and trial court believed Mr. McPherson could

somehow reinstate his prior plea and that Mr. McPherson's prior sentence was still in effect; thus, the trial court only informed Mr. McPherson of his post-release control obligations and stated that "[t]he original sentence that [the court] ordered on January 4, 2008 in all other aspects is the same." The trial court journalized a sentencing entry on February 4, 2011, and Mr. McPherson has appealed, raising a single assignment of error for our review.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED BY DENYING DEFENDANT-APPELLANT'S MOTION TO MERGE THE POSSESSION OF DRUGS AND TRAFFICKING IN DRUGS COUNTS, PURSUANT TO R.C. 2941.25 AND THE RELEVANT CASE LAW, FOR PURPOSES OF SENTENCING DEFENDANT-APPELLANT AND BY SEPARATELY CONVICTING AND SENTENCING DEFENDANT-APPELLANT TO CONSECUTIVE PRISON TERMS TOTALING FIVE YEARS.

{¶5} Mr. McPherson asserts that the trial court erred in denying Mr. McPherson's motion to merge his convictions, asserting that they are allied offenses. We do not reach the merits of Mr. McPherson's arguments.

{¶6} Both parties appear to be under the mistaken impression that somehow, despite the fact that Mr. McPherson had successfully withdrawn his no-contest plea and his case was being prepared for a jury trial, when Mr. McPherson elected to again plead no-contest, his sentencing in 2011 was actually a *re-sentencing* pursuant to *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238. In the process of considering this issue, this Court has become aware of other substantial and foundational problems in this matter. Normally, this Court would only consider issues that were raised on appeal; nonetheless, this Court does have discretion to sua sponte notice plain error. *See State v. Blanda*, 12th Dist. No. CA2010-03-050, 2011-Ohio-411, ¶ 20.

{¶7}   The Supreme Court has stated that:

> [a] criminal defendant's choice to enter a plea of guilty or no contest is a serious decision. The benefit to a defendant of agreeing to plead guilty is the elimination of the risk of receiving a longer sentence after trial. But, by agreeing to plead guilty, the defendant loses several constitutional rights. The exchange of certainty for some of the most fundamental protections in the criminal justice system will not be permitted unless the defendant is fully informed of the consequences of his or her plea. Thus, unless a plea is knowingly, intelligently, and voluntarily made, it is invalid.

(Internal citation omitted.) *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, ¶ 25.

{¶8}   Thus, before accepting Mr. McPherson's plea,

> the trial judge was bound by the requirements of Crim.R. 11(C)(2). Under this rule, the trial judge may not accept a plea of guilty or no contest without addressing the defendant personally and (1) [d]etermining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing, (2) informing the defendant of the effect of the specific plea and that the court may proceed with judgment and sentencing after accepting it, and ensuring that the defendant understands these facts, and (3) informing the defendant that entering a plea of guilty or no contest waives the constitutional rights to a jury trial, to confrontation, to compulsory process, and to the requirement of proof of guilt beyond a reasonable doubt and determining that the defendant understands that fact.

(Internal quotations omitted.) *Id.* at ¶ 27. "When a trial judge fails to explain the constitutional rights set forth in Crim.R. 11(C)(2)(c), the guilty or no-contest plea is invalid under a presumption that it was entered involuntarily and unknowingly." (Internal quotations and citation omitted.) *Id.* at ¶ 31.

{¶9}   When Mr. McPherson agreed again to plead no contest, the trial court was required to conduct a plea colloquy. *See id.* at ¶ 26. The proceedings that took place at the January 31, 2011 hearing do not constitute a valid plea colloquy. While the trial court did discuss and explain post-release control and had Mr. McPherson sign a jury trial waiver form, no other explanation of Mr. McPherson's rights took place. Thus, Mr. McPherson's plea is invalid.

*Id.* at ¶ 31. Accordingly, this Court does not reach any issues related to sentencing. The judgment of the trial court is reversed; Mr. McPherson is entitled to a full plea colloquy and a full sentencing hearing.

## III.

{¶10} In light of the foregoing, we reverse the judgment of the Medina County Court of Common Pleas and remand this matter for proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

EVE V. BELFANCE
FOR THE COURT

WHITMORE, J.
DICKINSON, J.
CONCUR

APPEARANCES:

JOSEPH F. SALZBERGER, Attorney at Law, for Appellant.

DEAN HOLMAN, Prosecuting Attorney, and MATTHEW KERN, Assistant Prosecuting Attorney, for Appellee.