[Cite as *State v. Vitt*, 2012-Ohio-4438.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | | |

| | |
|---|---|
| STATE OF OHIO | C.A. No.    11CA0071-M |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| BRIAN R. VITT | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | CASE No.    08-CR-0495 |

DECISION AND JOURNAL ENTRY

Dated: September 28, 2012

MOORE, Judge.

{¶1}    Defendant-Appellant, Brian R. Vitt, appeals from his conviction and sentence set forth in the May 20, 2011 judgment entry of the Medina County Court of Common Pleas.  For the following reasons, we affirm in part and reverse in part.

I.

{¶2}    Mr. Vitt was indicted for one count of kidnapping, in violation of R.C. 2905.01(A)(2), a felony of the first degree, two counts of rape, in violation of R.C. 2907.02(A)(1)(b), felonies of the first degree, and a sexual motivation specification pursuant to R.C. 2941.147.

{¶3}    As part of a plea agreement, the State amended its indictment to change the age of the victim listed in the rape counts from a victim less than ten years old, to a victim less than thirteen years old, removing the sentencing option of a term of life without parole.  In return, Mr.

Vitt pled guilty to one count of kidnapping, with a sexual motivation specification, and two counts of rape.

{¶4} Prior to his sentencing hearing, Mr. Vitt filed a motion to merge the kidnapping and rape convictions as allied offenses of similar import pursuant to R.C. 2941.25. On May 18, 2009, at Mr. Vitt's first sentencing hearing, the trial court recited an accounting of facts taken from the presentence investigation report ("PSI"). The trial court then denied Mr. Vitt's motion and sentenced him to 9 years for kidnapping, 10 years for the first count of rape, and 10 years for the second count of rape, to run consecutively, for a total of 29 years of imprisonment. Mr. Vitt appealed and we vacated his sentence due to an error in post-release control notification.

{¶5} At the resentencing hearing, Mr. Vitt again raised the issue of merging the kidnapping and rape convictions as allied offenses. The trial court did not merge Mr. Vitt's convictions and resentenced him to the same prison term. Mr. Vitt appealed, and due to the Supreme Court of Ohio's decision in *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, we reversed and remanded for the trial court to have an opportunity to consider *Johnson* when deciding whether his kidnapping and rape convictions should be merged as allied offenses. *See State v. Vitt*, 9th Dist. No. 10CA0016-M, 2011-Ohio-1448, ¶ 8.

{¶6} On May 9, 2011, the trial court engaged in a lengthy discussion regarding *Johnson*. Based upon its "fact specific analysis" taken from the PSI, the trial court determined that the kidnapping and rapes were not allied offenses of similar import. Mr. Vitt then asked to withdraw his plea. The trial court continued the matter in order for Mr. Vitt and his attorney to have an opportunity to discuss this development.

{¶7} On May 16, 2011, Mr. Vitt's counsel appeared on the record and withdrew the motion to withdraw the plea. The trial court then stated that, pursuant to *Johnson*, it needed to

make a factual determination as to what happened. After reciting the same version of facts that had been given by Mr. Vitt and referenced at all previous sentencing hearings, the trial court again acknowledged that the only statement of facts came from (1) statements Mr. Vitt made to the police, and (2) statements Mr. Vitt made to the trial court's presentence investigator. The trial court concluded that the kidnapping and rapes should not merge and proceeded to sentencing as follows:

> [n]ine years of imprisonment on Count Number 1, kidnapping; ten years in prison on Count Number II, rape of a child less than thirteen years of age; ten years in prison on Count Number III, rape of a child less than thirteen years of age.

> These sentences are to run consecutively, with each other, for a total prison term of twenty-nine years in prison.

{¶8} Mr. Vitt timely appealed, and sets forth three assignments of error for our consideration. In order to facilitate our discussion, we address Mr. Vitt's first and second assignments of error together.

II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED BY DENYING [MR. VITT'S] MOTION TO MERGE THE KIDNAPPING COUNT INTO THE TWO RAPE COUNTS, PURSUANT TO R.C. 2941.25 AND THE RELEVANT CASE LAW, FOR PURPOSES OF SENTENCING [MR. VITT] AND BY SEPARATELY CONVICTING AND SENTENCING [MR. VITT] TO A PRISON TERM OF NINE YEARS AS TO THAT KIDNAPPING COUNT.

### ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED BY IMPOSING MAXIMUM CONSECUTIVE PRISON TERMS CONTRARY TO R.C. 2929.14(B) AND (E)(4), WHERE [MR. VITT] HAD NO PRIOR FELONY RECORD, HAD NOT PREVIOUSLY SERVED A PRISION SENTENCE, COOPERATED WITH LAW ENFORCEMENT, AND EXPRESSED GENUINE REMORSE FOR THE OFFENSES.

{¶9} In his first assignment of error, Mr. Vitt argues that, pursuant to R.C. 2941.25 and relevant case law, the trial court erred in failing to merge the kidnapping and rape counts as allied offenses of similar import.

{¶10} At the sentencing hearings, the trial court openly acknowledged that it did not believe Mr. Vitt's version of events as taken from the PSI. However, because this case was concluded by way of a negotiated guilty plea, the "facts" before the trial court were limited to Mr. Vitt's self-serving conversations with the police officers and the probation officer involved with the PSI. This procedural posture highlights the challenges inherent in allowing a criminal defendant to raise, on appeal, an allied offense attack to a negotiated guilty plea because the reviewing court has a limited record of facts, if any, upon which to make an allied offenses analysis. *But see State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1; *State v. Sawyer*, 124 Ohio St.3d 547, 2010-Ohio-923.

{¶11} *Johnson* requires the trial court to consider the *conduct* of the defendant in its determination regarding whether certain offenses should be merged as allied offenses of similar import. Here, the record clearly indicates that the trial court utilized the PSI at each of Mr. Vitt's sentencing hearings, and, in doing so, reached the same conclusion: his convictions for kidnapping and rape should not merge. On appeal, Mr. Vitt seeks to have this Court overturn the sentence that was imposed but has neglected to provide us with the PSI upon which the trial court relied.

{¶12} In *State v. Zeffer*, 9th Dist. Nos. 19893, 19963, 2000 WL 1825092, *7 (Dec. 13, 2000), quoting *State v. Cox*, 9th Dist. No. 19773, 2000 WL 372317, *4-5 (Apr. 12, 2000), this Court stated that:

> Pursuant to App.R. 9, [a] [d]efendant has the burden of providing an adequate record of the trial court's proceedings, including all the necessary transcripts and

documents, for this Court's review. In reviewing the transcript of the sentencing proceeding, it appears that the trial court had before it a presentence investigation report. However, this report has not been forwarded to this Court on appeal. Because a presentence investigation report was requested in this case, there is a presumption that the trial court utilized it in imposing a sentence. Because [the] [d]efendant failed to include the presentence investigation report in the record, this Court cannot properly review the trial court's decision. [The] [d]efendant has not provided this Court with sufficient evidence, therefore, this Court has no choice but to presume the validity of the trial court's sentencing proceeding and affirm.

(Internal citations omitted.)

{¶13} Here, similar to *Zeffer* and *Cox*, the trial court, in its factual analysis, very clearly relied upon the PSI which Mr. Vitt failed to provide to this Court for its review. Pursuant to R.C. 2951.03(A)(1), if ordered by the trial court, a PSI shall include the following information: (1) an inquiry into the circumstances of the offense and the criminal record, social history, and present condition of the defendant, (2) all information available regarding any prior adjudications of the defendant as a delinquent child and regarding the dispositions made relative to those adjudications, and (3) any other matter specified in Crim.R. 32.2. Additionally, a PSI may include: (1) a physical and mental examination of the defendant, including a drug test, and (2) a victim impact statement. Because Mr. Vitt has not provided this Court with an adequate record, we cannot properly review the sentence imposed by the trial court. Therefore, we must presume the validity of the trial court's sentencing with regard to its determination that, pursuant to *Johnson*, the kidnapping and rapes should not merge.

{¶14} Further, in his second assignment of error, Mr. Vitt argues that the trial court erred by imposing maximum consecutive prison terms of 10 years each as to his convictions for two counts of rape, and an additional consecutive prison term of 9 years as to his conviction for kidnapping, where he (1) had no prior felony record, (2) had not previously served a prison term,

(3) cooperated with law enforcement, and (4) pleaded guilty and expressed genuine remorse for the offenses.

{¶15} For the reasons stated above, we must also presume the validity of the trial court's sentencing with regard to imposing maximum consecutive prison terms of 10 years each for the rapes, and an additional consecutive prison term for the kidnapping offense.

{¶16} Mr. Vitt's first and second assignments of error are overruled.

## ASSIGNMENT OF ERROR III

THE IMPOSITION OF MAXIMUM CONSECUTIVE PRISON SENTENCES AS TO THE STATUTORY RAPE COUNTS, PLUS A NEAR-MAXIMUM PRISON SENTENCE AS TO THE KIDNAPPING COUNT, TOTALING TWENTY-NINE YEARS, WAS DISPROPORTIONATE TO THE CRIMES COMMITTED—ESPECIALLY IN LIGHT OF SENTENCES IMPOSED ON OTHER SIMILAR OFFENDERS—AND CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF THE UNITED STATES AND OHIO CONSITUTIONS UNDER THE FACTUAL CIRCUMSTANCES OF THIS CASE.

{¶17} In his third assignment of error, Mr. Vitt argues that the above-stated sentence is disproportionate to his crimes and constitutes cruel and unusual punishment in violation of the United States and Ohio constitutions. Specifically, he argues disproportionality because: (1) the charged offenses did not involve actual physical harm to the victim, or actual physical penetration of or sexual intercourse with the victim, (2) he had no prior criminal convictions and had not previously served a prison term; (3) he demonstrated genuine remorse and accepted responsibility for his actions by cooperating with law enforcement, seeking counseling for his problems, and pleading guilty to all three counts of the amended indictment; and (4) other similarly situated and charged offenders in Ohio, including Medina County, in the past decade have been sentenced to much lower prison terms than 29 years. We disagree with his contentions, but on other grounds set forth below, we must reverse and remand.

{¶18} In *State v. Hairston*, 118 Ohio St.3d 289, 2008-Ohio-2338, ¶ 12, the Supreme Court of Ohio discussed the issue of disproportionality in sentencing with regard to the Eighth Amendment to the United States and Ohio Constitutions. The Court stated that, "[t]he Eighth Amendment to the United States Constitution applies to the states pursuant to the Fourteenth Amendment. The [Eighth] [A]mendment provides: 'Excessive bail shall not be required; nor excessive fines imposed; nor cruel and unusual punishments inflicted.'" (Internal citations omitted.) In concluding that Mr. Hairston's aggregate prison term of 134 years for pleading guilty to four counts of aggravated robbery, four counts of kidnapping, and three counts of aggravated burglary, all with firearm specifications, did not amount to cruel and unusual punishment, the Court held, "[b]ecause the individual sentences imposed by the [trial] court *are within the range of penalties authorized by the legislature*, they are not grossly disproportionate or shocking to a reasonable person or to the community's sense of justice and do not constitute cruel and unusual punishment." (Emphasis added.) *Id*. at ¶ 23.

{¶19} Further, in *State v. Jones*, 9th Dist. No. 24469, 2010-Ohio-879, ¶ 39, we stated that:

> 'Trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences.' *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, paragraph seven of the syllabus. Therefore, post-*Foster*, trial courts are still required to consider the general guidance factors in their sentencing decisions. R.C. 2929.12(A) sets forth the general guidance factors associated with felony sentencing, including the seriousness of the conduct, the likelihood of recidivism, and 'any other factors that are relevant to achieving those purposes and principles of sentencing.' It does not, however, require the trial court to make a record of its rationale for imposing one sentence over another. *See State v. Estright*, 9th Dist. No. 24401, 2009-Ohio-5676, ¶ 60.

{¶20} Here, the record before us reveals that Mr. Vitt received consecutive sentences of 10 years each for the two rapes, and a consecutive sentence of 9 years for the kidnapping, with a

sexual motivation specification, totaling 29 years. Because Mr. Vitt's consecutive sentences of 10 years each for both rapes fall properly within the range of penalties provided in the sentencing guidelines, we conclude, as in *Hairston*, that Mr. Vitt's aggregate sentence of 20 years for the rapes is not disproportionate or shocking to a reasonable person or to the community's sense of justice, and does not amount to cruel and unusual punishment.

{¶21} However, in examining Mr. Vitt's sentence of 9 years for kidnapping, with a sexual motivation specification pursuant to R.C. 2941.147, to run consecutive with the sentence for the rapes, we acknowledge that the trial court issued a lesser sentence than required by the sentencing guidelines. Pursuant to R.C. 2971.03(B)(3)(a), *at minimum*, the trial court should have imposed "[a]n indefinite prison term consisting of a minimum of ten years and a maximum term of life imprisonment." Although neither party raised this issue below or on appeal, we raise it *sua sponte* because Mr. Vitt's sentence for kidnapping is contrary to law.

{¶22} "R.C. 2953.08(G)(2) permits an appellate court to 'increase, reduce, or otherwise modify a [felony] sentence that is appealed under this section' or to 'vacate the sentence and remand the matter to the sentencing court for resentencing' if the sentence is contrary to law." *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, ¶ 4. Because "[a] sentence is the sanction or combination of sanctions imposed for each separate, individual offense," a reviewing court can remand one offense, of a multiple-offense sentence, for resentencing without vacating the entire sentence. *Saxon* at paragraphs one, two, and three of syllabus.

{¶23} In the present matter, Mr. Vitt appealed his sentences for the rapes and kidnapping by alleging that they amounted to cruel and unusual punishment. In examining the merits of Mr. Vitt's third assignment of error, it came to our attention that, based upon the sentencing guidelines, the trial court's sentence of 9 years for kidnapping, with a sexual

motivation specification, is contrary to law. Therefore, pursuant to the sentencing guidelines set forth in R.C. 2971.03(B)(3)(a), we remand this matter to the trial court in order for it to resentence Mr. Vitt on the offense of kidnapping, with a sexual motivation specification, so as to comply with the sentencing guidelines. The trial court's sentence with respect to the counts of rape is upheld.

{¶24} Mr. Vitt's third assignment of error is overruled, in part, and sustained, in part.

III.

{¶25} Based upon the foregoing, Mr. Vitt's first and second assignments of error are overruled, and Mr. Vitt's third assignment of error is overruled, in part, and sustained, in part. Therefore, the judgment of the Medina County Court of Common Pleas is affirmed, in part, and reversed, in part, and we remand for further proceedings consistent with this decision.

Judgment affirmed, in part,
reversed, in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

CARLA MOOORE
FOR THE COURT

DICKINSON, J.
CONCURS.

WHITMORE, P. J.
DISSENTING.

{¶26}  Although I agree that Vitt's sentence is contrary to law, I do not agree that the trial court simply may resentence Vitt.  Upon review of the record, it is evident that there are "other substantial and foundational problems in this matter."  *State v. McPherson*, 9th Dist. No. 11CA0024-M, 2012-Ohio-859, ¶ 6.  And while this Court generally confines its review to the assignments of error raised on appeal, it is within our discretion to "sua sponte notice plain error."  *Id.*  I would conclude that this case presents an instance where the sua sponte recognition of a plain error is appropriate.

{¶27}  Vitt pleaded guilty to one count of kidnapping, in violation of R.C. 2905.01(A)(2) with an accompanying sexual motivation specification, and two counts of rape, in violation of R.C. 2907.02(A)(1)(b).  Both before and after this Court's two remands for resentencing, the trial court sentenced Vitt to nine years on his kidnapping count, ten years on each rape count, and ordered the sentences to be served consecutively for a total of twenty-nine years in prison.  Vitt's crime took place after January 2008, and the victim was under the age of thirteen at the time of the commission of the offense.  The kidnapping statute provides, in relevant part, as follows:

> If the victim of the offense is less than thirteen years of age and if the offender
> also * * * pleads guilty to a sexual motivation specification that was included in

the indictment, count in the indictment, or information charging the offense, kidnapping is a felony of the first degree, and, notwithstanding the definite sentence provided for a felony of the first degree in section 2929.14 of the Revised Code, the offender shall be sentenced pursuant to section 2971.03 of the Revised Code as follows:

* *

If the offender releases the victim in a safe place unharmed, the offender shall be sentenced pursuant to that section to an indefinite term consisting of a minimum term of ten years and a maximum term of life imprisonment.

R.C. 2905.01(C)(3)(b). Consistent with the foregoing language, R.C. 2971.03 provides that if an offender commits the offense of kidnapping after January 1, 2008, against a victim under the age of thirteen who he released in a safe place unharmed, and pleads guilty to a sexual motivation specification, the court shall impose "[a]n indefinite prison term consisting of a minimum of ten years and a maximum term of life imprisonment." R.C. 2971.03(B)(3)(a).

{¶28} The trial court here did not impose an indefinite prison term consisting of ten years to life in prison on Vitt's kidnapping charge. Rather, the trial court imposed a nine-year prison sentence; one year less than the trial court was statutorily obligated to impose. "Judges have no inherent power to create sentences * * * [and lack] the authority to impose a sentence that is contrary to law." *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, ¶ 22-23. If a trial court's sentence falls "outside the permissible statutory range, the sentence is clearly and convincingly contrary to law * * *." *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, ¶ 15. The court here offended the foregoing principles in sentencing Vitt because it disregarded the statutorily mandated prison term set forth in R.C. 2905.01(C)(3)(b) and R.C. 2971.03(B)(3)(a).

{¶29} Moreover, in accepting Vitt's plea, the court informed Vitt that the maximum possible sentence for his kidnapping charge was ten years. That statement was incorrect because, if Vitt pleaded guilty to the sexual motivation specification, the court was required to impose an indefinite sentence of ten years to life imprisonment. Compounding the issue, the

State also amended Vitt's indictment on his rape counts in exchange for his guilty plea. Specifically, the State amended the age of the victim on both charges so that the maximum possible sentence on each count would be ten years. Vitt's entire plea was based on his understanding that he only could receive a maximum of ten years on each individual count to which he pleaded guilty. Both the trial court and the State informed Vitt that a ten-year term on each count was the maximum. In reality, the trial court was required to impose a *minimum* of ten years on the kidnapping count due to Vitt's pleading guilty to the sexual motivation specification. R.C. 2905.01(C)(3)(b); R.C. 2971.03(B)(3)(a).

{¶30} The enforcement of a plea is unconstitutional if it is not knowingly, voluntarily, and intelligently entered. *State v. Engle*, 74 Ohio St.3d 525, 527 (1996). This Court previously has addressed, sua sponte, plain error arising from the invalidity of a plea when the plea's invalidity is discovered on appeal. *McPherson*, 2012-Ohio-859, at ¶ 6-9. Having reviewed the record, I would conclude that Vitt's plea was not knowingly, voluntarily, and intelligently entered. *See State v. Brown*, 9th Dist. No. 25103, 2010-Ohio-3387, ¶ 4-13 (concluding that defendant's plea was invalid when both his counsel and the trial court had counseled him that he would be able to appeal from a motion to dismiss after pleading guilty); *State v. Smith*, 9th Dist. No. 08CA009338, 2008-Ohio-6942, ¶ 3-12 (vacating defendant's plea when defense counsel, the prosecutor, and the trial court all indicated that the defendant would be able to appeal from a mid-trial evidentiary ruling after pleading no contest).

{¶31} Vitt argues on appeal that the court abused its discretion in imposing his sentence and that the duration of his sentence is cruel and unusual punishment. His other assignment of error addresses the issue of allied offenses of similar import. Yet, in all three assignments of error, Vitt essentially makes one argument: he should have received less than twenty-nine years

in prison. In actuality, Vitt should have received a longer sentence, at least with regard to his kidnapping count. The difficulty is that the error did not simply taint Vitt's sentence, it tainted his plea as well. I would not address any arguments stemming from Vitt's sentence, as the very foundation upon which it is premised does not pass constitutional muster. Vitt's plea was not knowingly, intelligently, and voluntarily entered. *See Engle*, 74 Ohio St.3d at 527. Therefore, Vitt's plea is invalid. I would vacate Vitt's sentence and plea and remand the cause to the trial court for further proceedings. As such, I dissent.

APPEARANCES:

JOSEPH F. SALZGEBER, Attorney at Law, for Appellant.

DEAN HOLMAN, Prosecuting Attorney, and MICHAEL P. MCNAMARA, Assistant Prosecuting Attorney, for Appellee.