OPINION
{¶ 1} Appellant, Harold Patterson, appeals from the trial court's conviction and sentence for two counts of Robbery, violations of R.C. 2911.02(A)(2), felonies of the second degree. A timely pro se Notice of Appeal was filed on June 14, 2006. Upon motion of Appellant, Attorney Jeffrey Mullen was appointed to represent Appellant in the prosecution of this appeal. On July 31, 2006, counsel for Appellant filed a brief pursuant to Andersv. California (1967), 388 U.S. 924, indicating that the within appeal was wholly frivolous and setting forth three assignments of error as follows:
 I. {¶ 2} "INEFFECTIVE ASSISTANCE OF COUNSEL.
 II. {¶ 3} "THE JUDGMENT DECISION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 III. {¶ 4} "DIMINISHED CAPACITY."
 {¶ 5} On July 31, 2006, Counsel for appellant also filed a Motion to Withdraw and provided notice that Appellant had been served with a copy of the Anders brief and notice that a pro se brief could be filed within thirty days. Appellant's pro se brief was due on or before August 31, 2006. No pro se merit brief has been filed.
 {¶ 6} In Anders, the United States Supreme Court held that if, after a conscientious examination of the record, an appellant's counsel concludes that the case is wholly frivolous, then he should so advise the court and request permission to withdraw. Id. at 744. Counsel must accompany his request with a brief identifying anything in the record that could arguably support his client's appeal. Id. Counsel must also: (1) furnish his client with a copy of the brief and request to withdraw; and, (2) allow his client sufficient time to raise any matters that his client chooses. Id. Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if an arguably meritorious issue exists. If the appellate court also determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires.Id.
 {¶ 7} We now turn to Appellant's potential Assignments of Error.
 Statement of Facts {¶ 8} On December 22, 2005, Appellant was indicted by the Coshocton County Grand Jury for two counts of robbery both violations of R.C 2911.02, and second degree felonies. On February 16, 2006, Appellant entered a guilty plea to each count of robbery. Sentencing was deferred pending the completion of a pre-sentence investigation. On May 15, 2006, Appellant was sentenced to serve a six (6) year term of incarceration for the first count of robbery and a seven (7) year term of incarceration for the second count of robbery. The trial court further ordered the sentences to be served consecutively. It is from this conviction and sentence that Appellant now seeks to appeal.
 I. {¶ 9} In Appellant's first proposed Assignment of Error, he argues that counsel was ineffective.
 {¶ 10} The two-part test for ineffective assistance of counsel is set forth in Strickland v. Washington (1984),466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. "In order to prevail on a claim of ineffective assistance of counsel, a defendant must show that counsel's representation fell below an objective standard of reasonableness and that, but for counsel's errors, the result of the proceeding would have been different."Strickland v. Washington, supra.
 {¶ 11} In this case, the record is devoid of any evidence showing that defense counsel was ineffective. For this reason, Appellant's first proposed Assignment of Error is not well taken.
 II. {¶ 12} In the second proposed Assignment of Error, Appellant argues that the verdict was against the manifest weight of the evidence.
 {¶ 13} "In reviewing a judgment to determine whether it is against the manifest weight of the evidence, an appellate court sits as a `thirteenth juror,' reviews the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v.Thompkins (1997), 78 Ohio St.3d 380, 678 N.E.2d 541.
 {¶ 14} Crim.R. 11(B)(1) provides that "a plea of guilty is a complete admission of the defendant's guilt." See also, State v.Stumpf (1987), 32 Ohio St.3d 95, 104, 512 N.E.2d 598. Therefore, a guilty plea waives a defendant's right to challenge the weight of the evidence. See State v. Williams, Lucas App. No. L-02-1221, 2004-Ohio-4856. Accordingly, after a defendant pleads guilty to an offense, he cannot then assert, on direct appeal, that the State lacked sufficient evidence to support his conviction. State v. Siders (1992), 78 Ohio App.3d 699, 701,605 N.E.2d 1283.
 {¶ 15} In this case, Appellant pled guilty as charged in the indictment, to having committed two counts of robbery in violation of R.C. 2911.02, both felonies of the second degree. Therefore, Appellant waived any argument that the conviction was against the manifest weight of the evidence.
 {¶ 16} For this reason, Appellant's second proposed Assignment of Error is not well taken.
 III. {¶ 17} In his third proposed Assignment of Error, Appellant simply states "diminished capacity". No further argument is set forth. Appellant did not support his argument with any reference to the record or any showing of diminished capacity.
 {¶ 18} The competency of a defendant is presumed. The presumption is rebutted only when a preponderance of the evidence shows that due to his present mental condition, the defendant was unable to understand the nature of the proceedings against him and could not assist in his defense. R.C. 2945.37(G); State v.Swift (1993), 86 Ohio App. 3d 407, 411, 621 N.E.2d 513.
 {¶ 19} Upon review, there is nothing in the record to suggest that Appellant was suffering from diminished capacity or was incompetent at the time of the plea.
 {¶ 20} For this reason, Appellant's third proposed Assignment of Error is not well taken.
 {¶ 21} Accordingly, after independently reviewing the record, we agree with counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal. Hence, we find the appeal to be wholly frivolous under Anders, grant counsel's request to withdraw, and affirm the judgment of the trial court.
 {¶ 22} The judgment of the Coshocton County Court of Common Pleas, General Division, is affirmed.
By: Boggins, J., Wise, PJ. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Coshocton County Court of Common Pleas, General Division, is affirmed. Attorney Jeffrey A. Mullen's motion to withdraw as counsel for Appellant, Harold W. Patterson is hereby granted.
IT IS SO ORDERED.