JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Gail S. Hill ("defendant"), appeals pro se from his convictions and sentence imposed by the Cuyahoga County Court of Common Pleas after he pled guilty to 14 counts of theft and was sentenced to a total of 66 months in jail. For the following reasons, we affirm the decision of the trial court.
 {¶ 2} On May 23, 2007 and August 28, 2007, defendant entered guilty pleas to 14 counts of theft in Case Nos. CR-490204, CR-494376, CR-497891 and CR-498446. The charges stemmed from a series of thefts that occurred on the west side of Cleveland, Ohio.
 {¶ 3} On September 26, 2007, defendant was sentenced to consecutive terms of imprisonment for a total combined sentence of 66 months.
 {¶ 4} Defendant timely appeals and raises three assignments of error for our review.[1]
 {¶ 5} "I. Appellant's conviction [sic] are against the manifest weight of the evidence." *Page 2 
 {¶ 6} In his first assignment of error, defendant argues that his convictions are against the manifest weight of the evidence. However, defendant pled guilty to the charges. A guilty plea waives a defendant's right to challenge sufficiency or manifest weight of the evidence. SeeState v. Siders (1992), 78 Ohio App.3d 699, 701; State v.Patterson, Coshocton App. No. 21165, 2006-Ohio-5627. Accordingly, defendant's first assignment of error is overruled.
 {¶ 7} "II. The appellant was denied due process of law in violation of his Ohio and United States Constitutional rights when the court sentenced him to consecutive sentences."
 {¶ 8} In his second assignment of error, defendant argues that the trial court erred in not sentencing him to concurrent terms of incarceration. We find that defendant's consecutive terms of imprisonment are not contrary to law.
 {¶ 9} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, the Ohio Supreme Court declared R.C. 2929.14(E)(4), which governed consecutive sentences, unconstitutional and excised the offending part of the statute from the statutory scheme. As a result, trial courts have "full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences."Foster, at ¶ 100.
 {¶ 10} Here, a review of the sentencing transcript shows that the trial court considered the principles and purposes of sentencing as required by R.C. 2929.11 *Page 3 
and 2929.12. During the sentencing, the trial court discussed information provided to the court from defendant's presentence investigation report and noted that defendant had a long and extensive criminal history. The trial court also noted that defendant had repeatedly violated the conditions of his probation and, in fact, committed several of the crimes, the subject of this appeal, shortly after his previous probation had been terminated. The trial judge also noted the effect that the defendant's "crime spree" had upon his victims and the community in general.
 {¶ 11} We conclude from our review of the record that the trial court considered the overriding principles and purposes of sentencing and that defendant's sentence was properly imposed. Accordingly, defendant's second assignment of error is overruled.
 {¶ 12} "III. The appellant was denied the right of effective assistance of counsel as provided by the 6th Amendment of the U.S. Constitution."
 {¶ 13} In his third assignment of error, defendant argues that his trial counsel was ineffective. *Page 4 
 {¶ 14} In order to prevail on a claim of ineffective assistance of counsel, a defendant must show that counsel's representation fell below an objective standard of reasonableness and that, but for counsel's errors, the result of the proceeding would have been different.Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052,80 L.Ed.2d 674.
 {¶ 15} Here, the record is devoid of any evidence showing that defense counsel was ineffective. Rather, the evidence shows that the State dismissed several charges against the defendant and that the defendant, when questioned by the trial court, indicated that he was satisfied with his counsel's performance. Accordingly, defendant's third assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
CHRISTINE T. McMONAGLE, J., and PATRICIA A. BLACKMON, J., CONCUR
[1] Attorney Edward H. Blakemore was appointed to represent defendant in the prosecution of this appeal. On January 11, 2008, Blakemore filed a brief pursuant to Anders v. California (1967), 388 U.S. 924,87 S.Ct. 2094, 18 L.Ed.2d 1377, indicating that the within appeal was wholly frivolous. On May 7, 2008, Blakemore's motion to withdraw as counsel for defendant was granted. *Page 1