JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Michael Moree (Moree), appeals his plea and his sentence. After reviewing the parties' arguments and pertinent case law, we affirm.
 {¶ 2} On November 15, 2007, a Cuyahoga County Grand Jury indicted Moree with three counts of receiving stolen property.
 {¶ 3} On December 11, 2007, the State and Moree orally moved the court to amend the indictment to change the defendant's name from "Moore" to "Moree," which the court granted. Upon recommendation of the State, count one was amended to include the victims from counts two and three. Counts two and three were then nolled.
 {¶ 4} On the same day, Moree pleaded guilty to receiving stolen property as amended in count one of the indictment. Thereafter, the trial court sentenced Moree to six months of imprisonment, to run consecutively to Moree's prison term in Case No. CR-496076.
 {¶ 5} Moree appeals, asserting four assignments of error for our review.
ASSIGNMENT OF ERROR NUMBER ONE "Moree's guilty plea to the amended charge of receiving stolen property was not made knowingly, voluntarily and intelligently, and, as a result, the Court's acceptance of that plea was in violation of Moree's constitutional rights and Criminal Rule 11." *Page 4 
 {¶ 6} Moree argues that the trial court failed to ensure that he understood the nature of the charges against him, the effect of his plea as an admission of guilt, that the admitted acts constituted a fifth degree felony, and that he was admitting guilt to those particular acts.
 {¶ 7} "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution."State v. Engle, 74 Ohio St.3d 525, 1996-Ohio-179. (Internal citations omitted.)
 {¶ 8} As it pertains to rights not protected under the constitution, we review pleas based upon substantial compliance with Crim. R. 11(C).State v. Nero (1990), 56 Ohio St.3d 106. "A plea is in substantial compliance with Crim. R. 11 when it can be inferred from the totality of the circumstances that the defendant understands the charges against him." State v. Walker (1994), Cuyahoga App. No. 65794, citing State v.Rainey (1982), 3 Ohio App.3d 441, paragraph one of the syllabus.
 {¶ 9} Regarding whether Moree understood that receiving stolen property, as pled, constituted a fifth degree felony, R.C. 2913.51(A) reads as follows: "No person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense." *Page 5 
 {¶ 10} Further, R.C. 2913.51(C) reads in part:
 "Whoever violates this section is guilty of receiving stolen property. Except as otherwise provided in this division, receiving stolen property is a misdemeanor of the first degree. If the value of the property involved is five hundred dollars or more and is less than five thousand dollars, if the property involved is any of the property listed in section 2913.71 of the Revised Code, receiving stolen property is a felony of the fifth degree."
 {¶ 11} Additionally, a review of R.C. 2913.71(A) reveals that: "[r]egardless of the value of the property involved and regardless of whether the offender previously has been convicted of a theft offense, a violation of section 2913.02 or 2913.51 of the Revised Code is a felony of the fifth degree if the property involved is *** [a] credit card ***."
 {¶ 12} When Moree pleaded guilty to receiving stolen property, the indictment against him included "a Huntington Bank ATM card and/or a Mastercard." Further, the trial court advised Moree during the plea hearing that he was pleading guilty to a felony of the fifth degree.
 {¶ 13} Thus, Moree's argument that he thought he was pleading to a misdemeanor is misplaced. The record reveals that the indictment read as a fifth degree felony and the trial court made clear at the plea hearing that Moree was pleading guilty to a fifth degree felony.
 {¶ 14} Additionally, Moree's arguments that the trial court failed to ensure that he understood the nature of the charges against him, the effect of his plea *Page 6 
as an admission of guilt, or that he was admitting guilt to those particular acts must also fail.
 {¶ 15} Specifically, Moree argues that his plea must be vacated because the State failed to prove the following at the plea hearing as it pertains to the Mastercard: its authenticity; that it is unexpired; that it has an issuing bank; and lastly, that the Mastercard was capable of accessing the customer's accounts for the purposes of obtaining credit.
 {¶ 16} However, a "plea of guilty is a complete admission of the defendant's guilt." Crim. R. 11(B)(1). As such, we have held that "[a] guilty plea waives a defendant's right to challenge sufficiency or manifest weight of the evidence." State v. Hill, Cuyahoga App. No. 90513, 2008-Ohio-4857.
 {¶ 17} A review of the entire record further reveals that the trial court informed Moree of all consequences pertaining to entering a guilty plea and did not accept his plea until it found that the plea was entered knowingly, intelligently, and voluntarily. The trial court engaged in a full Crim. R. 11 colloquy with Moree.
 {¶ 18} In light thereof, Moree's first assignment of error is overruled.
ASSIGNMENT OF ERROR NUMBER TWO "The conviction is void because the indictment is fatally defective and legally insufficient to charge a felony offense of receiving stolen property and the defendant did not plea [sic] to a felony offense." *Page 7 
 {¶ 19} Moree argues that the indictment is fatally defective and legally insufficient to charge him with a felony offense, and further, he did not plead to a felony offense because the indictment failed to properly allege he possessed a credit card. Specifically, Moree argues that such a defect in the indictment is not subject to waiver, but rather is a structural defect in the proceedings that can be raised for the first time on appeal.
 {¶ 20} However, pursuant to Crim. R. 12(C) (2), we note that "[t]he following must be raised before trial: *** [d]efenses and objections based on defects in the indictment ***." According to the Supreme Court of Ohio, "failure to timely object to the allegedly defective indictment constitutes a waiver of the issues involved." State v. Biros,78 Ohio St.3d 426, 1997-Ohio-204.
 {¶ 21} Further, we have held that "by voluntarily entering a guilty plea, a defendant waives the right to contest non-jurisdictional defects that occurred before the plea was entered. More specifically, by voluntarily entering a guilty plea *** [defendant] waived his right to a direct appeal of any alleged defects in the indictment." State v.Salter, Cuyahoga App. No. 82488, 2003-Ohio-5652. (Internal citations omitted.)
 {¶ 22} Further, the trial court informed Moree that he was pleading guilty to a felony of the fifth degree as follows:
 "THE COURT:
 All right. This charge, it is a felony of the fifth degree, correct? *Page 8 
 MR. WATERS [prosecuting attorney]:
 Yes, your Honor.
 THE COURT:
 So you can be punished for this charge by anywhere from six to 12 months inclusive in prison, and/or a fine of up to $2,500 bucks. Do you understand that?
 THE DEFENDANT:
 Yes, sir." (Tr. 9.)
 {¶ 23} The trial court referred to the charge of receiving stolen property a second time as a felony of the fifth degree:
 "THE COURT:
 Well, I'm willing to accept that plea, so I ask how do you plead to amended Count 1, receiving stolen property, to include all three of the indictments named victims [sic], a felony of the fifth degree?
 THE DEFENDANT: Guilty." (Tr. 12.)
 {¶ 24} These colloquies demonstrate that Moree, at the time he pleaded guilty, understood that he was pleading to a felony of the fifth degree.
 {¶ 25} Moree's second assignment of error is overruled.
 {¶ 26} In the interest of judicial economy, we address Moree's third and fourth assignments of error together because they both pertain to his sentence.
ASSIGNMENT OF ERROR NUMBER THREE *Page 9 "The trial court erred by sentencing Moree for a different crime than the one for which Moree was indicted and convicted."
ASSIGNMENT OF ERROR NUMBER FOUR "The trial court abused its discretion under the sentencing guidelines of R.C. 2929.11 and 2929.12, and otherwise violated the law, by sentencing appellant to consecutive sentences."
 {¶ 27} Moree argues that the trial court erred when it sentenced him for a crime different from that for which he was indicted and convicted. Moree also argues that the trial court abused its discretion when it ordered that his six-month sentence be served consecutively to a sentence imposed in an unrelated case.
 {¶ 28} We review sentences pursuant to a two-prong standard set forth by the Supreme Court of Ohio in a split decision in State v.Kalish, 120 Ohio St.3d 23, 2008-Ohio-4912:[1]
 "In applying Foster to the existing statutes, appellate courts must apply a two-step approach. First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision shall be reviewed under an abuse-of-discretion standard."
 {¶ 29} "A defendant's sentence will not be disturbed on appeal unless the reviewing court finds, by clear and convincing evidence, that the record does not *Page 10 
support the sentence or that the sentence is contrary to law. Clear and convincing evidence is that which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." State v. Samuels, Cuyahoga App. No. 88610, 2007-Ohio-3904. (Internal citations omitted.)
 {¶ 30} In addressing Moree's argument that the trial court erred when it sentenced him for a felony rather than a misdemeanor, he is essentially arguing that his sentence is contrary to law. However, in light of our rulings on Moree's first and second assignments of error, we cannot find that he was sentenced for a crime different from that for which he was indicted and convicted. The trial court sentenced Moree to six months of imprisonment for receiving stolen property, a felony of the fifth degree, as charged in the indictment and per his conviction as well.
 {¶ 31} As it pertains to the second prong of Kalish, the Supreme Court of Ohio held in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, that "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at ¶ 100. Additionally, "judicial fact-finding is not required before a prison term may be imposed within the basic ranges of R.C. 2929.14(A) based upon a jury verdict or admission of the defendant." Id. at ¶ 99. *Page 11 
 {¶ 32} Although Foster no longer requires the trial court to make findings or give reasons for imposing its sentence, R.C. 2929.11 and2929.12 remain operative, setting forth the statutory factors that the trial court must consider when imposing its sentence. State v.Page, Cuyahoga App. No. 90485, 2008-Ohio-4424.
 {¶ 33} Specifically, R.C. 2929.11(A) sets forth the overriding purpose of felony sentencing in Ohio and reads in part:
 "A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both."
 {¶ 34} Receiving stolen property, pursuant to Moree's indictment, is a felony of the fifth degree because it involved a credit card. See R.C. 2913.51(A), 2913.51(C), 2913.71(A). As a felony of the fifth degree, Moree was subject to a minimum six-month sentence and a maximum twelve-month sentence. See R.C. 2929.14(A)(5). Therefore, the trial court's imposition of a six-month minimum sentence was within the statutory range.
 {¶ 35} Further, a review of the record reveals that the trial court complied with the requirements set forth in R.C. 2929.11, 2929.12, and2929.13. The sentencing journal entry dated December 11, 2007, reads in part: "The court *Page 12 
considered all required factors of the law. The court finds that prison is consistent with the purpose of R.C. 2929.11."
 {¶ 36} Additionally, the sentencing transcript reveals that the trial court considered the following: Moree's prior criminal record, including his conviction in an unrelated matter, namely for robbery; his remorse; and also, the trial court noted that he committed the act of receiving stolen property between his plea and sentence in the robbery matter and should be punished separately as a result thereof. See R.C. 2929.12 and2929.13.
 {¶ 37} Therefore, Moree's sentence comports with the two-prong test set forth in Kalish. As such, the trial court did not abuse its discretion when it imposed a six-month minimum, consecutive sentence.
 {¶ 38} Moree's third and fourth assignments of error are overruled.
 {¶ 39} Judgment affirmed. However, this case is remanded to the trial court solely for correction of the journal entry of December 11, 2007, correcting "F-3 as amended" to "F-5 as amended." Journal entries must conform to the demonstrated record. See Crim. R. 36 and App. R. 9(E).
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's *Page 13 
conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for correction of the journal entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, A.J., CONCURS.
CHRISTINE T. McMONAGLE, J., CONCURS (SEE SEPARATE CONCURRING OPINION.)
[1] We recognize that Kalish is merely persuasive and not necessarily controlling because it has no majority. The Supreme Court of Ohio split over whether we review sentences under an abuse-of-discretion standard in some instances.