[Cite as *State v. Gebhardt*, 2013-Ohio-166.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos. 97865 and 97866**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# ROBERT GEBHARDT

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-527947 and CR-529516

**BEFORE:** Kilbane, J., Boyle, P.J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:** January 24, 2013

**ATTORNEY FOR APPELLANT**

Brian R. McGraw
1370 Ontario Street
Suite 2000
Cleveland, Ohio 44113

Robert Gebhardt, pro se
Inmate No. 602-339
Belmont Correctional Institution
P.O. Box 540
St. Clairsville, Ohio 43950

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
Ronni Ducoff
Assistant County Prosecutor
The Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, J.:

{¶1} In this consolidated appeal, defendant-appellant, Robert Gebhardt ("Gebhardt"), appeals from his guilty plea in two separate cases. For the reasons that follow, we affirm.

{¶2} In Case No. CR-527947, Gebhardt was charged with a 75-count indictment. Counts 1-25 charged him with rape, Counts 26-50 charged him gross sexual imposition ("GSI"), Counts 51-74 charged him with kidnapping, and Count 75 charged him with intimidation of crime victim or witness.[1] All counts involved his biological, minor daughter. According to the indictment, these crimes were committed on or about June 1, 2007 to May 12, 2009.

{¶3} In Case No. CR-529516, Gebhardt was charged with a four-count indictment for transferring money from his wife's 401(k) account and depositing it into his own account. Count 1 charged him with theft, Counts 2-3 charged him with identity fraud, and Count 4 charged him with telecommunications fraud.

{¶4} Pursuant to a plea agreement, Gebhardt pled guilty to three counts of GSI (Counts 26, 27, and 28) in Case No. CR-527947 and one count of identity fraud and agreed to $22,128.55 as restitution in Case No. CR-529516. The remaining counts in

---

[1]Each of counts 51-74 carried a sexual motivation specification.

each case were nolled. Gebhardt was then referred for a presentence investigation ("PSI") report and returned to the trial court for sentencing in May 2011. In Case No. CR-527947, the trial court sentenced Gebhardt to 18 months in prison on each count, to be served consecutively for a total of four and one-half years. In Case No. CR-529516, the trial court sentenced him to five years in prison and ordered $22,128.55 as restitution. The trial court ordered that the sentence in each case be served consecutively, for an aggregate sentence of nine and one-half years in prison.

{¶5} Gebhardt now appeals, with two appellate briefs before us for review. Gebhardt's appointed appellate counsel filed a brief setting forth two assignments of error, and Gebhardt, after obtaining leave from this court, filed a brief setting forth three pro se supplemental assignments of error. Two of Gebhardt's supplemental assignments of error involve the same issues raised by assigned counsel and will be discussed together.

### ASSIGNMENT OF ERROR ONE

The trial court abused its discretion by imposing maximum, consecutive sentences on all counts in both cases.

### PRO SE SUPPLEMENTAL ASSIGNMENT OF ERROR THREE

The trial court violated [Gebhardt's] rights when it sentenced [him] without following the guidelines for sentencing and the conviction of allied offenses. This was an abuse of discretion and against R.C. 2929.11, R.C. 2929.12, R.C. 2929.14, and R.C. 2929.25.

### ASSIGNMENT OF ERROR TWO

By failing to properly address Gebhardt's mental health issues, counsel was ineffective.

### PRO SE SUPPLEMENTAL ASSIGNMENT OF ERROR ONE

The trial counsel provided ineffective assistance of counsel for the many reasons listed in the issue presented for review which violated [Gebhardt's] rights to be represented by "effective counsel" leading to a plea less than knowingly, intelligently, or voluntarily made. A violation of the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution.

PRO SE SUPPLEMENTAL ASSIGNMENT OF ERROR TWO

The State violated [Gebhardt's] rights when it allowed the conviction against the sufficient and manifest weight of evidence. Violations of the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution.

<u>Sentence</u>

{¶6} In the first assignment of error and pro se supplemental assignment of error three, Gebhardt challenges his sentence. Gebhardt argues the trial court abused its discretion by imposing a maximum, consecutive sentence of nine and one-half years in prison.

{¶7} Since Gebhardt was sentenced in May 2011, which was prior to the September 30, 2011 effective date of H.B. 86, we apply the two-step approach for reviewing felony sentences set forth by the Ohio Supreme Court in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124. The *Kalish* court stated:

In applying [*State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470,] to the existing statutes, appellate courts must apply a two-step approach. First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this

first prong is satisfied, the trial court's decision shall be reviewed under an abuse-of-discretion standard. *Id.* at ¶ 4.

{¶8} In *Foster*, the Ohio Supreme Court held that trial courts "have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." *Id.* at ¶ 100. The *Kalish* court declared that although *Foster* eliminated mandatory judicial fact-finding, it left R.C. 2929.11 and 2929.12 intact. *Id.* at ¶ 13. As a result, the trial court must still consider these statutes when imposing a sentence. *Id.*, citing *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1.

{¶9} R.C. 2929.11(A) provides that when a trial court sentences an offender for a felony conviction it must be guided by the "overriding purposes of felony sentencing." Those purposes are "to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.11(B) states that a felony sentence "must be reasonably calculated to achieve the purposes set forth under R.C. 2929.11(A), commensurate with and not demeaning to the seriousness of the crime and its impact on the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.12 provides a nonexhaustive list of factors a trial court must consider when determining the seriousness of the offense and the likelihood that the offender will commit future offenses.

**{¶10}** In the instant case, the record demonstrates that Gebhardt's sentence is within the permissible statutory range and the trial court considered the applicable factors and principles contained in R.C. 2929.11 and 2929.12. Accordingly, Gebhardt's sentence is not contrary to law.

**{¶11}** Having satisfied step one, we next consider whether the trial court abused its discretion. An "'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983), quoting *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980). Here, Gebhardt admitted to committing three acts of gross sexual imposition on his minor biological daughter and transferring money from his wife's 401(k) account and depositing it into his own account. Furthermore, Gebhardt's prior criminal history includes a conviction for prior corruption of a minor. Based on these facts, we do not find that Gebhardt's sentence was unreasonable, arbitrary, or unconscionable.

**{¶12}** In pro se supplemental assignment of error three, Gebhardt argues the trial court erred by failing to merge the GSI counts in Case No. CR-527947. Gebhardt claims that the offenses were committed at the same time, with the same conduct.

**{¶13}** In *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, the Ohio Supreme Court redefined the test for determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25.[2] The *Johnson*

---

[2]R.C. 2941.25 governs allied offenses and provides:

court expressly overruled *State v. Rance*, 85 Ohio St.3d 632, 1999-Ohio-291, 710 N.E.2d 699, which required a "comparison of the statutory elements in the abstract" to determine whether the statutory elements of the crimes correspond to such a degree that the commission of one crime will result in the commission of the other.

{¶14} The *Johnson* court held that rather than compare the elements of the crimes in the abstract, courts must consider the defendant's conduct. *Id.* at syllabus. The *Johnson* court found:

> In determining whether offenses are allied offenses of similar import under R.C. 2941.25(A), the question is whether it is possible to commit one offense and commit the other with the same conduct, not whether it is possible to commit one without committing the other. * * *

> If multiple offenses can be committed by the same conduct, then the court must determine whether the offenses were committed by the same conduct, i.e., "a single act, committed with a single state of mind." [*State*] *v. Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, at ¶ 50, (Lanzinger, J., dissenting).

> If the answer to both questions is yes, then the offenses are allied offenses of similar import and will be merged.

> Conversely, if the court determines that the commission of one offense will never result in the commission of the other, or if the offenses are committed

---

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

separately, or if the defendant has separate animus for each offense, then, according to R.C. 2941.25(B), the offenses will not merge. *Id.* at ¶ 48-50.

{**¶15**} A review of the record reveals that there was no discussion of the merger of the GSI counts at the sentencing hearing. The Ohio Supreme Court has found that the failure to merge allied offenses of similar import constitutes plain error. *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 31, citing *State v. Yarbrough*, 104 Ohio St.3d 1, 2004-Ohio-6087, 817 N.E.2d 845. Under Crim.R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."

{**¶16**} In the instant case, Gebhardt pled guilty to three counts of GSI that includes a range of dates from June 1, 2007 to May 12, 2009. A review of the record reveals that the indictment does not distinguish conduct or temporal differences and the bill of particulars does not offer any separate basis to resolve the allied offenses issue. However, Gebhardt was referred to the probation department for a PSI report. In the report, the victim recalls various instances of abuse that occurred at their home on May 12, 2009. Gebhardt first forced her to touch him and perform oral sex on him by the fireplace. He then rubbed his penis against her vagina and buttock. He inserted his penis into her vagina and then instructed the victim to put his penis in her mouth. The victim then took a shower. Gebhardt approached the victim again and instructed her to get on the bed, where he rubbed his penis against her and digitally penetrated the victim. Based on these facts, we find these offenses were each committed with a separate animus and are not allied offenses of similar import. Each act was distinct and committed at

different times and locations. As a result, the trial court's imposition of a separate sentence for each offense did not amount to plain error.

{¶17} Accordingly, the first assignment of error and pro se supplemental assignment of error three are overruled.

Ineffective Assistance of Counsel

{¶18} In Gebhardt's second assignment of error and pro se supplemental assignment of error one, he argues that he was denied effective assistance of counsel. However, in *State v. Milczewski*, 8th Dist. No. 97138, 2012-Ohio-1743, ¶ 5, we stated:

> [W]hen a defendant enters a guilty plea as part of a plea bargain, he waives all appealable errors that may have occurred at trial, unless such errors are shown to have precluded the defendant from entering a knowing and voluntary plea. *State v. Kelley*, 57 Ohio St.3d 127, 566 N.E.2d 658 (1991). "A failure by counsel to provide advice [which impairs the knowing and voluntary nature of the plea] may form the basis of a claim of ineffective assistance of counsel, but absent such a claim it cannot serve as the predicate for setting aside a valid plea." *United States v. Broce*, 488 U.S. 563, 574, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989). Accordingly, a guilty plea waives the right to claim that the accused was prejudiced by constitutionally ineffective counsel, except to the extent the defects complained of caused the plea to be less than knowing and voluntary. *State v. Barnett*, 73 Ohio App.3d 244, 248, 596 N.E.2d 1101 (2d Dist.1991).

{¶19} In the second assignment of error, Gebhardt argues trial counsel was ineffective because he did not properly address Gebhardt's mental health issues. During sentencing, the trial court inquired about Gebhardt's mental health status because Gebhardt stated in his PSI report that he had four personalities. Trial counsel responded by stating that Gebhardt did report that he had multiple personalities, but that was not the defense strategy he chose to proceed with. Trial counsel stated, "we have adopted the

position that [Gebhardt] is in fact sane and he is competent and he entered the pleas accordingly. * * * [T]here have been private assessments done in the past of [Gebhardt.]" Trial counsel further stated that this issue was not going to be raised on appeal.

{¶20} Gebhardt now argues on appeal that trial counsel should have requested a mental competency examination or a mitigation of penalty report. However, he fails to offer any evidence within the record to support his assertion that his plea was a result of his trial counsel's failure to pursue the mental health evaluation. At the guilty plea hearing, Gebhardt stated that he was able to understand the proceedings and that by pleading guilty he was waiving certain rights.

{¶21} Moreover, even if we would find that Gebhardt's trial counsel was deficient for failing to request a competency evaluation, he has made no showing that but for the error, he would not have pled guilty. In fact, in the second assignment of error Gebhardt does not even argue that he would not have pled guilty, but rather, that a "proper work-up" may have successfully convinced the trial court to have some leniency in sentencing. Accordingly, we find that Gebhardt failed to satisfy his burden in proving that trial counsel was deficient by not referring him for a competency evaluation and that but for this deficiency he would not have pled guilty.

{¶22} In pro se supplemental assignment of error one, Gebhardt argues that trial counsel's ineffectiveness for other reasons led to a plea that was less than knowingly,

intelligently, and voluntarily made.  He contends that counsel failed to do a variety of tasks on his behalf.

{¶23} In order to establish that there was ineffective assistance of counsel in conjunction with his guilty plea, Gebhardt must demonstrate that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial.  *Hill v. Lockhart*, 474 U.S. 52, 52-53, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); *State v. Xie*, 62 Ohio St.3d 521, 524, 584 N.E.2d 715 (1992).

{¶24} Gebhardt primarily contends that counsel did not gather any evidence and failed to investigate the State's case.  Upon review, however, we find that Crim.R. 11, which governs the taking of pleas to ensure that they are made knowingly and voluntarily, was complied with.

{¶25} Under Crim.R. 11(C)(2), a court shall not accept a guilty plea in a felony case without first addressing the defendant personally and doing all of the following:

> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved * * *.
>
> (b) Informing the defendant of and determining that the defendant understands the effect of the plea * * *, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
>
> (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the

defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶26} In compliance with Crim.R. 11 and prior to accepting Gebhardt's plea, the trial court advised Gebhardt the nature of the charges, the maximum penalties, the effect of the plea, and the rights Gebhardt would be waiving by pleading guilty. At the guilty plea hearing, Gebhardt stated that he was satisfied with the representation he received from counsel and that he understood the offenses to which he was pleading guilty. Therefore, the record reflects that Gebhardt's plea was knowingly, intelligently, and voluntarily made.

{¶27} Accordingly, the second assignment of error and pro se supplemental assignment of error one are overruled.

### Sufficient Evidence

{¶28} In supplemental pro se assignment of error two, Gebhardt claims there was insufficient evidence to sustain his convictions. However, Gebhardt pled guilty to the charges. A "plea of guilty is a complete admission of the defendant's guilt." Crim.R. 11(B)(1). As a result, we have held "'[a] guilty plea waives a defendant's right to challenge sufficiency or manifest weight of the evidence.'" *State v. Moree*, 8th Dist. No. 90894, 2009-Ohio-472, ¶ 16, quoting *State v. Hill*, 8th Dist. No. 90513, 2008-Ohio-4857, ¶ 6, citing *State v. Siders*, 78 Ohio App.3d 699, 701, 605 N.E.2d 1283 (11th Dist.1992); *State v. Patterson*, 5th Dist. No. 21165, 2006-Ohio-5627.

{¶29} Accordingly, supplemental pro se assignment of error two is overruled.

**{¶30}** Judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

The defendant's conviction having been affirmed, any bail pending appeal is terminated.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY EILEEN KILBANE, JUDGE

MARY J. BOYLE, P.J., and
EILEEN A. GALLAGHER, J., CONCUR