[Cite as *State v. Tannreuther*, 2014-Ohio-74.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2013-04-062 |
| | : | O P I N I O N |
| - vs - | | 1/13/2014 |
| | : | |
| JAMES TANNREUTHER, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2012-11-1886

Michael T. Gmoser, Butler County Prosecuting Attorney, Michael A. Oster, Jr., Government Services Center, 315 High Street, 11th Fl., Hamilton, Ohio 45011, for plaintiff-appellee

Neal D. Schuett, 121 West High Street, Oxford, Ohio 45056, for defendant-appellant

**PIPER, J.**

{¶ 1} Defendant-appellant, James Tannreuther, appeals his convictions in the Butler County Court of Common Pleas for felonious assault and rape.

{¶ 2} On November 17, 2012, police were dispatched to investigate a domestic violence report. Upon arrival to the scene, the police made contact with the victim who showed obvious signs of assault. The victim's neck displayed "severe redness" and bruising, and there were red spots on her face. The victim had blood on her shirt, her panties were

torn, and the police observed urine and feces on the victim's bed linens and pillow. The victim told police that she was awakened by Tannreuther strangling her with the cord from her cell phone charger. Tannreuther released the victim and immediately ran out of the house. The victim also told police that Tannreuther had raped her and had stolen items from her home.

{¶ 3} The victim, who was the mother of some of Tannreuther's children and who held a valid protection order against him, was taken to the hospital for treatment. In addition to the victim's immediately-apparent injuries, her medical evaluation indicated that she had been subjected to both anal and vaginal intercourse, and that her left eye had hemorrhaged during the strangulation.

{¶ 4} Tannreuther was interviewed by police, and indicated that he had consensual vaginal intercourse with the victim and that he had been invited by the victim to her house on the day of the incident. When police confronted Tannreuther with evidence of the anal intercourse, Tannreuther began crying, and stated that it was possible that he could have suffered a "black out" and committed the crimes based upon his anger and animosity toward the victim.

{¶ 5} Tannreuther was indicted on attempted murder, two counts of felonious assault, two counts of rape, violating a protection order, domestic violence, and petty theft. Tannreuther later pled guilty to single counts of felonious assault, rape, violating a protection order, domestic violence, and petty theft, and the state nolled the remaining charges as part of the plea agreement. After conducting a presentence investigation, the trial court held a sentencing hearing.

{¶ 6} At the sentencing hearing, the trial court heard from the victim, and also considered statements from the state and Tannreuther regarding mitigation and the need to merge some of the convictions as offenses of similar import. After considering the merger

issue, the trial court merged violation of a protection order and domestic violence into the other convictions, but rejected Tannreuther's argument that the rape and felonious assault convictions were allied offenses. The trial court then sentenced Tannreuther to seven years on the felonious assault charge and ten years on the rape charge, to be served consecutively, and 180 days on the petty theft charge, to be served concurrent to the sentences for rape and felonious assault. Tannreuther now appeals the trial court's decision to not merge the rape and felonious assault convictions, raising the following assignment of error.

{¶ 7} THE TRIAL COURT ERRED WHEN IT FAILED TO MERGE ALLIED OFFENSES OF SIMILAR IMPORT UNDER R.C. 2941.25.

{¶ 8} Tannreuther argues in his assignment of error that the trial court erred when it declined to merge the felonious assault conviction with the rape conviction.

{¶ 9} R.C. 2941.25 prohibits the imposition of multiple punishments for the same criminal conduct, and provides that:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶ 10} The Ohio Supreme Court has set forth a test to determine whether offenses are allied offenses of similar import pursuant to R.C. 2941.25. *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314. Pursuant to the *Johnson* test, courts must first determine "whether it is possible to commit one offense *and* commit the other with the same conduct." *Id.* at ¶ 48. It is not necessary that the commission of one offense will always result in the commission of

the other, only that it is possible for both offenses to be committed by the same conduct. *Id.*

{¶ 11} If it is possible to commit both offenses with the same conduct, courts must next determine whether the offenses were in fact committed by the same conduct, or a single act performed with a single state of mind. *Id.* at ¶ 49. If the answer to both prongs of the test is yes, then the offenses are allied offenses of similar import and must be merged. *Id.* at ¶ 50. Conversely, if the offenses are committed separately or with a separate animus, the offenses will not merge. *Id.* at ¶ 51.

{¶ 12} An appellate court applies a de novo standard of review in reviewing a trial court's R.C. 2941.25 merger determination. *State v. Williams,* 134 Ohio St.3d 482, 2012-Ohio-5699, ¶ 28. "The defendant bears the burden of establishing his entitlement to the protection provided by R.C. 2941.25 against multiple punishments for a single criminal act." *State v. Lewis,* 12th Dist. Clinton No. CA2008-10-045, 2012-Ohio-885, ¶ 14.

{¶ 13} Tannreuther was convicted of felonious assault in violation of R.C. 2903.11(A)(1), which provides in pertinent part, "no person shall knowingly * * * [c]ause serious physical harm to another." Tannreuther was also convicted of rape in violation of R.C. 2907.02(A)(2), which provides, "no person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force."

{¶ 14} While it is *possible* to commit both rape and felonious assault with the same conduct, we find that Tannreuther has failed to establish that he committed both crimes with the same conduct and animus. The state presented a statement of facts during Tannreuther's plea hearing, which established that Tannreuther committed felonious assault when he strangled and drug the victim with a cell phone cord, and that such dragging and strangling caused the victim pain and disfigurement. The statement of facts also established that Tannreuther committed rape when he used force to engage in vaginal intercourse with the victim. Tannreuther did not object to the statement of facts.

{¶ 15} Tannreuther argued at his sentencing hearing, and on appeal, that the crimes of rape and felonious assault should merge because the force he used to rape the victim was the strangulation that constituted the felonious assault charge. However, the record does not establish that Tannreuther's conduct or animus was the same while committing the crimes. While the fact recitation was limited at the plea hearing and in the bill of particulars/indictment, the trial court noted that it had reviewed the presentence investigation report (PSI) prior to sentencing.

{¶ 16} While the trial court must still consider whether convictions that result from a defendant's plea must merge as allied offenses, appellate courts have recognized the "challenges inherent in allowing a criminal defendant to raise, on appeal, an allied offense attack to a negotiated plea because the reviewing court has a limited record of facts, if any, upon which to make an allied offenses analysis." *State v. Vitt*, 9th Dist. Medina App. No. 11CA0071-M, 2012-Ohio-4438, ¶ 10. Even when salient facts are lacking, a trial court must make an allied offenses determination, and will look to the information contained in the record to make its determination, including the indictment, bill of particulars, and the PSI. *See State v. Gebhardt*, 8th Dist. Cuyahoga Nos. 97865, 97866, 2013-Ohio-166 (affirming trial court's decision not to merge several counts of gross sexual imposition where the facts contained in the PSI indicated that the offenses were each committed with a separate animus); and *State v. Cisco*, 5th Dist. Delaware App. No. 13 CAA 04 0026, 2013-Ohio-5412 (analyzing why a trial court is permitted to consider facts in the PSI when determining whether convictions should be merged as allied offenses).

{¶ 17} The record in the case at bar contains a limited amount of facts to be used when conducing the necessary analysis. However, the record contains sufficient facts from the indictment, bill of particulars, statement of facts at the plea hearing, as well as the PSI, for us to perform a meaningful review. We would also note that Tannreuther did not object to

the state's recitation of the facts, nor raise any objection to the information contained in the PSI. Nor did Tannreuther present any evidence or offer any additional or contradicting facts to support his claim that his crimes were allied offenses.

{¶ 18} The PSI indicates that on the night of the incident, the victim took medication and went to bed, and that at approximately 6:30 a.m., she awoke to Tannruether strangling her with her cell phone charger cord. The victim told police that Tannruether released her from the strangulation and immediately "took off out the door." After the victim noticed that her panties were torn, that there was blood on her shirt, and that feces and urine were on her bed linens and pillow, she concluded that Tannreuther had raped her prior to strangling her with the cord.[1]

{¶ 19} After reviewing the record, we find nothing to establish that the rape and felonious assault occurred by way of a single act by Tannreuther, with a single state of mind. In reaching this determination, we note that Tannreuther asserted at the sentencing hearing that the crimes should merge because the force he used to make the victim submit was strangulation. However, Tannreuther did not object to the state's recitation of the facts, nor raise any objection to the information contained in the PSI that the rape occurred before and wholly separate from the strangulation. In the absence of any indication that the crimes were committed with the same act and animus, we find that Tannreuther has failed to fulfill his burden to establish that his crimes were allied offenses of similar import.

{¶ 20} On the limited record before us, we find that Tannreuther's felonious assault and rape were committed by separate acts, with a separate animus, and therefore constituted separate conduct. Accordingly, the trial court did not err in finding that felonious assault and rape were not allied offenses of similar import in this case. Therefore,

---

1. During the sentencing hearing, the victim recalled waking to Tannreuther strangling her with the phone cord, which was after the rape occurred, and was a consistent statement to that included in Tannreuther's PSI.

Tannreuther's sole assignment of error is overruled.

**{¶ 21}** Judgment affirmed.

RINGLAND, P.J., and M. POWELL, J., concur.