[Cite as *State v. Buckius*, 2025-Ohio-1924.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| | : | JUDGES: |
| STATE OF OHIO | : | Hon. Andrew J. King, P. J. |
| | : | Hon. Robert G. Montgomery, J. |
| Plaintiff-Appellee | : | Hon. Kevin W. Popham, J. |
| | : | |
| -vs- | : | |
| | : | Case No. 24CA000033 |
| SCOTT A. BUCKIUS | : | |
| | : | |
| | : | |
| | : | OPINION |
| Defendant-Appellant | | |

CHARACTER OF PROCEEDING:     Appeal from the Guernsey County Court of
                             Common Pleas, Case No. 24CR000038

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      May 28, 2025

APPEARANCES:

For Plaintiff-Appellee              For Defendant-Appellant

                                    MICHAEL GROH
                                    1938 E. Wheeling Avenue
                                    Cambridge, OH 43725

*Popham, J.,*

{¶1}  Appellant Scott Buckius appeals the May 10, 2024, judgment entry of the

Guernsey County Court of Common Pleas.

*Facts & Procedural History*

{¶2} In 2024, detectives with the Guernsey County Sheriff's Office received information that appellant traveled to Columbus to purchase narcotics for redistribution in Guernsey County. The detectives received information that on February 1, appellant was intending to go to Columbus to obtain drugs.

{¶3} Officers performed a traffic stop on a vehicle in which appellant was a passenger upon his return from Columbus. The driver was appellant's co-defendant. Appellant handed the driver a bag when officers made the stop. The driver confirmed appellant handed her something as the officers approached. The bag contained 41.9435 grams of methamphetamine and 2.5881 grams of fentanyl. Upon reviewing monitored conversations between appellant and his co-defendant, detectives discovered appellant encouraged his co-defendant to get rid of his phone so the detectives could not retrieve information from it.

{¶4} On February 13, 2024, appellant was indicted on the following charges: Count 1 – aggravated trafficking in drugs (methamphetamine), in violation of R.C. 2925.03(A)(2) and R.C. 2925.03(C)(1)(d), a felony of the second degree; Count 2 – aggravated possession of drugs (methamphetamine), in violation of R.C. 2925.11(A) and R.C. 2925.11(C)(1)(c), a felony of the second degree; Count 3 – tampering with evidence in violation of R.C. 2921.12(A)(1) and R.C. 2921.12(B), a felony of the third degree; Count 4 – possession of drugs (fentanyl-related compound), in violation of R.C. 2925.11(A) and R.C. 2925.11(C)(1)(b), a felony of the fourth degree; and Count 5 – trafficking in drugs (fentanyl-related compound), in violation of R.C. 2925.03(A)(2) and R.C. 2925.03(A)(2), a felony of the fourth degree.

{¶5}    On April 4, 2024, appellant's original trial counsel moved to withdraw.  On April 9, 2024, the trial court granted the motion and appointed appellant new trial counsel. On May 9, 2024, the trial court held a plea hearing.  The parties agreed to a negotiated plea, in which appellant would plead guilty to Counts 1, 3, and 5, and the State would dismiss Counts 2 and 4. The parties also jointly recommended a sentence.

{¶6}    On May 9, 2024, appellant signed a plea form that listed each count, the maximum penalty for each count, information concerning post-release control, the terms of the negotiated plea, the jointly-recommend sentence, and that detailed all of the rights appellant was waiving upon entering his plea.  At the plea hearing, the trial court judge reviewed the plea form with appellant and conducted a detailed plea colloquy.  Appellant confirmed he was happy with his attorney, that he understood the elements for each charge he was pleading to, the maximum sentence for each charge, post-release control information, and the rights he was giving up.  Appellant stated he wished to plead guilty to Counts 1, 3, and 5.   At the conclusion of the plea hearing, the trial court found appellant's pleas were voluntarily, freely, and knowingly made.

{¶7}    After the plea hearing, the trial court moved immediately to a sentencing hearing.  The trial court imposed the jointly-recommended sentence as follows:  Count 1 – an indefinite prison term of minimum of 4 years (all mandatory) and maximum term of 6 years; Count 3 – 12 month prison sentence; and Count 5 – 12 month prison sentence, with the sentences on each count consecutive to one another, and consecutive to the sentence imposed in appellant's other criminal case (Case Number 23-CR-184), for an aggregate minimum prison term of 12 years (4 years mandatory) and an aggregate maximum prison term of 14 years.

{¶8} In both a May 10, 2024, judgment entry and at the plea hearing, the trial court stated it considered the record, oral statements, victim impact statements, the principles and purposes of sentencing under R.C. 2929.11, and weighed the seriousness and recidivism factors in R.C. 2929.12, in fashioning its sentence. The trial court noted appellant had both a juvenile record (disorderly conduct, unauthorized use of a vehicle, petty theft) and an adult record (discharging a firearm, domestic violence, possession of a controlled substance, possession of heroin, burglary, possession of drug paraphernalia, assault, and possessing drug abuse instruments). The court found this demonstrated a continued pattern of drug or alcohol abuse and demonstrated appellant failed to respond favorably to sanctions previously imposed.

{¶9} Further, both at the plea hearing and in the judgment entry, the trial court found consecutive sentences were agreed to by the parties, are necessary to protect the public from future crime, are necessary to punish appellant, are not disproportionate to the seriousness of appellant's conduct, and the danger appellant poses to the public. The court further found appellant committed one or more of the multiple offenses while he was awaiting trial or sentence, and two or more of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by the two or more multiple offenses was so great or unusual that no single prison term for any of the offenses committed adequately reflects the seriousness of the conduct.

{¶10} Appellant appeals the judgment entry of the Guernsey County Court of Common Pleas and assigns the following as error:

{¶11} "I. THERE WAS INSUFFICIENT EVIDENCE TO FIND APPELLANT GUILTY OF TAMPERING WITH EVIDENCE AND POSSESSION."

{¶12} "II. APPELLANT'S CONVICTION FOR TAMPERING WITH EVIDENCE AND POSSESSION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

ASSIGNMENTS OF ERROR I. & II.

{¶13} Appellant filed a notice of appeal in this case and in a companion case in which a jury found appellant guilty of tampering with evidence and possession of a controlled substance. The possession of drugs counts in this case (Counts 2 and 4) were dismissed by the trial court. However, appellant pled guilty to the tampering with evidence charge in this case (Count 3). Thus, we will review appellant's assignments of error with regards to Count 3, tampering with evidence.

{¶14} Appellant contends the tampering with evidence conviction is against the manifest weight and sufficiency of the evidence. However, appellant pled guilty to this charge as part of a negotiated plea agreement. "[A] guilty plea waives a defendant's right to challenge sufficiency or manifest weight of the evidence." *State v. Sanders*, 2024-Ohio-2235 (5th Dist.), citing *State v. Hill*, 2008-Ohio-4857, ¶ 6 (8th Dist.). Accordingly, appellant's manifest weight and sufficiency challenge is "waived" (forfeited).

{¶15} The record demonstrates the trial court carefully adhered to Criminal Rule 11. The trial court conducted a complete and thorough plea colloquy. Appellant acknowledged he understood his rights, the charges, the plea agreement, the maximum penalties, and the specific constitutional rights he was waiving with the plea.

{¶16} Based on the foregoing, we find no merit to appellant's challenge to the sufficiency or weight of the evidence and overrule appellant's assignments of error. The judgment entry of the Guernsey County Court of Common Pleas is affirmed.

By Popham, J.,

King, P.J., and

Montgomery, J., concur