OPINION
{¶ 1} Defendant-appellant Nigile R. Montgomery appeals, in two separate appeals, from his convictions and sentences in two separate cases in the trial court. In trial court case number 04-CR-4295, from which this appeal is taken, Montgomery was sentenced to an aggregate term of imprisonment of 21 years, for five counts of Rape, one count of Aggravated Burglary, one count of Aggravated Robbery, two counts of Kidnapping, one count of Felonious Assault, and one count of Abduction. This sentence was ordered to be served consecutively with a sentence of eleven years and three months in trial court case number 04-CR-4585, which is the subject of an appeal in this court bearing case number 21507. The aggregate of these two consecutive sentences is, therefore, 32 years and three months.
 {¶ 2} Montgomery contends that the trial court erred when it denied his motion to suppress evidence that he argued was the result of an unlawful search and seizure. He also contends that the imposition of a more-than-minimum sentence must be reversed in light of State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470.
 {¶ 3} We conclude that Montgomery's plea of guilty to the charges waived any error with respect to the denial of his motion to suppress. As to the sentence, we agree with Montgomery that his sentence must be reversed under the authority of State v. Foster, supra. Accordingly, Montgomery's conviction is Affirmed, his sentence is Reversed, and this cause is Remanded for re-sentencing in accordance with State v.Foster, supra.
 I {¶ 4} Montgomery was charged by indictment in two separate cases with ten counts of Rape, four counts of Aggravated Burglary, two counts of Kidnapping, one count of Felonious Assault, one count of Aggravated Robbery, one count of Abduction, and one count of Gross Sexual Imposition.
 {¶ 5} Montgomery moved to suppress evidence, contending that it was obtained as the result of an unlawful search and seizure. Following a hearing, his motion was denied.
 {¶ 6} Thereafter, a plea agreement was entered into wherein Montgomery agreed to plead guilty, in the two separate cases, to five counts of Rape, three counts of Aggravated Burglary, one count of Kidnapping, one count of Felonious Assault, and one count of Gross Sexual Imposition, the remaining charges would be dismissed, and the parties agreed to a sentencing range, for all of the offenses in both cases, of between 22 and 35 years.
 {¶ 7} Montgomery tendered his plea with a protestation of innocence, in accordance with North Carolina v. Alford (1970), 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162. The trial court accepted the plea, and entered the convictions on the remaining, undismissed charges. At a subsequent sentencing hearing, consecutive sentences were imposed in the two cases aggregating 32 years and three months, within the sentencing range that had been agreed upon as a result of the plea agreement.
 {¶ 8} From his conviction and sentence, Montgomery appeals.
 II {¶ 9} Montgomery's First Assignment of Error is as follows:
 {¶ 10} "THE TRIAL COURT ERRED IN IMPOSING MORE THAN THE MINIMUM SENTENCE."
 {¶ 11} Montgomery contends that his more-than-minimum sentence must be reversed on the authority of State v. Foster, supra, which declared the sentencing provisions that the trial court presumably followed in imposing the more-than-minimum sentence unconstitutional, severed them from the rest of the sentencing statutes, and, at ¶ 104, ordered all cases pending on direct appellate review raising this issue to be remanded for re-sentencing.
 {¶ 12} The State argues that Montgomery waived this error when he failed to object at his sentencing, but notes that we have previously disagreed with this position. We note that the Supreme Court rejected the waiver argument in State v. Foster, at ¶¶ 30-33. We decline to reconsider our position on this issue. If, as the State contends, other appellate courts have decided the waiver issue inconsistently, the State may move to certify a conflict.
 {¶ 13} Montgomery's First Assignment of Error is sustained.
 III {¶ 14} Montgomery's Second and Third assignments of error are as follows:
 {¶ 15} "THE TRIAL COURT ERRED IN FINDING THE AFFIDAVITS OFFERED BY POLICE IN SUPPORT OF THE SEARCH WARRANT WERE LEGALLY SUFFICIENT.
 {¶ 16} "THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION TO SUPPRESS."
 {¶ 17} On May 14, 2004, police searched apartment 1514, 5960 Culzean Drive, allegedly with the consent of Angelita Canada, a resident of the premises. That is the search implicated in Montgomery's Third Assignment of Error, wherein he attacks the efficacy of the consent.
 {¶ 18} On May 17, 2004, the police obtained a warrant to search the same premises, and did so that same day. That is the search implicated in Montgomery's Second Assignment of Error, wherein he attacks the validity of the warrant and the affidavit in its support.
 {¶ 19} Montgomery pled guilty to the charges of which he was convicted. A guilty plea waives any error in the proceedings that does not implicate the validity of the guilty plea. State v. Kelley (1991),57 Ohio St.3d 127, 566 N.E.2d 658. Montgomery's conviction does not depend upon any of the evidence that was the subject of his motion to suppress, resting instead upon his guilty plea, so that any error in the disposition of his motion to suppress is harmless.
 {¶ 20} If the State were agreeable to a plea agreement involving pleas of no contest, and if the trial court had accepted Montgomery's pleas of no contest, then claims of error in any rulings made by the trial court on pre-trial motions would have been preserved. Crim. R. 12(I). But Montgomery pled guilty. The fact that he accompanied his tender with a protestation of innocence was not a bar to his pleading guilty, which he may have decided to do in exchange for the considerations offered by the State, in the light of strong evidence against him. See North Carolinav. Alford, supra. His plea was, nevertheless, a plea of guilty, not a plea of no contest.
 {¶ 21} Montgomery's Second and Third assignments of error are overruled.
 IV {¶ 22} Montgomery's Second and Third assignments of error having been overruled, and his First Assignment of Error having been sustained, his convictions are Affirmed, his sentence is Reversed, and this cause is Remanded for re-sentencing in accordance with State v. Foster, supra.
WOLFF, P.J., and DONOVAN, J. concur.