[Cite as *State v. Sims*, 2018-Ohio-388.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 105581

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JONATHAN SIMS

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-16-609408-A

**BEFORE:** E.T. Gallagher, P.J., Stewart, J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** February 1, 2018

**ATTORNEY FOR APPELLANT**

Ruth R. Fischbein-Cohen
3552 Severn Rd., #613
Cleveland, Ohio 44118


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

BY:    Owen M. Patton
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN T. GALLAGHER, P.J.:

**{¶1}** Defendant-appellant, Jonathan Sims, appeals from his conviction following a guilty plea. He raises the following assignments of error for review:

1. The identification of defendant should have been suppressed.

2. It was error to convict defendant for possession of a firearm.

3. The finding of guilt was against the manifest weight of the evidence and absent sufficient evidence.

4. The court erred in overruling defendant's motion for new counsel.

**{¶2}** After careful review of the record and relevant case law, we affirm Sims's convictions.

## I. Procedural History

**{¶3}** In September 2016, Sims was named in a three-count indictment, charging him with aggravated robbery in violation of R.C. 2911.01(A)(1); robbery in violation of R.C. 2911.02(A)(2); and kidnapping in violation of R.C. 2905.01(A)(2). Each count contained firearm specifications.

**{¶4}** The indictment stemmed from allegations that Sims stole a vehicle owned by the victim, D.G., after Sims forcefully removed D.G. from the vehicle while in possession of a firearm. Several days after the incident, D.G. contacted the police after he spotted his vehicle parked in a nearby driveway. When the police arrived at the scene, Sims was getting out of the passenger's seat of the vehicle. Sims was arrested after D.G. identified Sims as the individual who stole his vehicle.

{¶5} In October 2016, Sims filed a motion to suppress "the cold-stand identification of [Sims] by [D.G.] and all subsequent identifications." Following a suppression hearing, the trial court denied Sims's motion to suppress.

{¶6} In January 2017, Sims pleaded guilty to robbery in violation of R.C. 2911.02(A)(2), with a one-year firearm specification. The remaining counts were nolled. Following a Crim.R. 11 colloquy, the trial court accepted Sims's guilty plea and referred him to the county probation department for a presentence investigation report ("PSI").

{¶7} Prior to sentencing, Sims filed a pro se motion to withdraw his plea and a pro se "notice of termination of representation of counsel." During a comprehensive hearing on the motions, Sims argued that he wished to withdraw his plea and terminate counsel because he was dissatisfied with counsel's representation during the suppression hearing. Sims further indicated that he believed counsel rendered ineffective assistance of counsel by failing to file several pretrial motions Sims had asked counsel to file on his behalf.

{¶8} At the conclusion of the hearing, the trial court denied Sims's motions. The trial court stated that it reviewed the transcript of Sims's Crim.R. 11 plea colloquy and confirmed that Sims was advised of all constitutional and nonconstitutional rights, and stated on the record that he was satisfied with counsel's representation.

{¶9} In February 2017, Sims was sentenced to a four-year term of imprisonment.

{¶10} Sims now appeals from his conviction.

## II. Law and Analysis

## A. Implications of Guilty Plea

{¶11} In his first assignment of error, Sims argues the trial court erred by denying his motion to suppress identification evidence. In his second assignment of error, Sims argues it was error to convict him for possession of a firearm. In his third assignment of error, Sims argues his robbery conviction is against the manifest weight of the evidence and is not supported by sufficient evidence. We address these assigned errors together for judicial clarity.

{¶12} "A plea of guilty is a complete admission of the defendant's guilt." Crim.R. 11(B)(1). A defendant who enters a plea of guilty waives the right to appeal all nonjurisdictional issues arising at prior stages of the proceedings, although the defendant may contest the constitutionality of the plea itself. *State v. Darling*, 8th Dist. Cuyahoga No. 104517, 2017-Ohio-7603, ¶ 12, citing *State v. Lewis*, 8th Dist. Cuyahoga No. 102939, 2015-Ohio-5267, ¶ 16. Thus, by entering into a guilty plea, a defendant waives the right to raise on appeal the propriety of a trial court's suppression ruling. *State v. Elliott*, 8th Dist. Cuyahoga No. 102226, 2015-Ohio-3766, ¶ 15; *State v. Bogan*, 8th Dist. Cuyahoga No. 84468, 2005-Ohio-3412, ¶ 14; *State v. Prieto*, 7th Dist. Mahoning No. 15 MA 0213, 2017-Ohio-4156, ¶ 10 ("a guilty plea waives any right to appeal a ruling on a motion to suppress or any other trial court error, except for errors in the plea itself."). In addition, "a guilty plea waives a defendant's right to challenge the sufficiency or manifest weight of the evidence." *State v. Hill*, 8th Dist. Cuyahoga No. 90513, 2008-Ohio-4857, ¶ 6; *State v. Moree*, 8th Dist. Cuyahoga No. 90894, 2009-Ohio-472, ¶ 16.

**{¶13}** In this case, Sims's arguments concerning the motion to suppress and the evidence supporting his conviction do not relate to the constitutionality of the plea itself, nor do they challenge the adequacy of the trial court's Crim.R. 11 colloquy. Accordingly, we find Sims has waived his right to assert these issues on appeal.

**{¶14}** Sims's first, second, and third assignments of error are overruled.

### B.   Motion to Terminate Counsel

**{¶15}** In his fourth assignment of error, Sims argues the trial court erred by denying his motion to terminate counsel.   Arguably, Sims has waived his right to challenge the trial court's judgment because his motion to terminate counsel relied exclusively on allegations of ineffective assistance of counsel that occurred prior to the entry of his guilty plea.   On appeal, Sims reiterates his displeasure with counsel's performance during the pretrial process.   However, he does not challenge the validity of his plea or otherwise claim that counsel's performance caused his guilty plea to be less than knowing, intelligent, and voluntary.   *See Darling* at ¶ 14.

**{¶16}** Nevertheless, even if Sims has not waived his right to challenge the court's denial of his motion to terminate counsel, we find the trial court did not abuse its discretion by denying the motion.

**{¶17}** Although an indigent defendant has the right to the appointment of counsel, he has no right to have a particular attorney represent him and must demonstrate "good cause" in order for the substitution of counsel to be warranted.  *State v. Williams*, 99 Ohio St.3d 439, 2003-Ohio-4164, 793 N.E.2d 446, ¶ 55; *State v. Cowans*, 87 Ohio St.3d

68, 72, 717 N.E.2d 298 (1999). Three recognized examples of "good cause" that would warrant the discharge of court-appointed counsel include (1) a conflict of interest, (2) a complete breakdown of communication, and (3) an irreconcilable conflict that could cause an apparently unjust result. *State v. Burrell*, 11th Dist. Lake No. 2013-L-024, 2014-Ohio-1356, ¶ 24. Before an indigent defendant is entitled to discharge court-appointed counsel, he must show "a breakdown in the attorney-client relationship of such magnitude as to jeopardize the defendant's right to effective assistance of counsel." *State v. Coleman*, 37 Ohio St.3d 286, 525 N.E.2d 792 (1988), paragraph four of the syllabus. A trial court's denial of a motion to substitute counsel is reviewed for an abuse of discretion. *Cowans* at 73.

{¶18} On appeal, Sims argues the trial court abused its discretion by denying his request to terminate counsel because "he clearly expressed to the trial court that his relationship with his counsel was irreparably damaged." Sims contends that counsel "never did a thing to assist him," and that there was a "complete breakdown" in attorney-client communication such that there was good cause for the termination of counsel. We disagree.

{¶19} As stated, Sims argued that he wished to terminate counsel because he was dissatisfied with counsel's representation during the suppression hearing. He further claimed that counsel failed to file several motions Sims had asked counsel to file on his behalf.

**{¶20}** After careful consideration, we do not find that Sims's vague claims demonstrated a "complete breakdown" in communication that jeopardized Sims's right to the effective assistance of counsel. As noted by the trial court, the transcript of the plea colloquy reflects that Sims had time to speak with his attorney before entering his plea and was satisfied with counsel's representation. In addition, our review of the record supports the determination that Sims received effective assistance of counsel during the plea and suppression hearings. Counsel actively filed motions on Sims's behalf, and contrary to Sims's belief, had no obligation to file motions that would have been futile.

**{¶21}** From this record, it is evident that Sims's motion to terminate counsel was not motivated by a total breakdown in communication. Rather, the motion appears to have been motivated by (1) Sims's displeasure with counsel's strategy during the suppression hearing, and (2) Sims's change of heart following his guilty plea. Sims, however, had "'no constitutional right to determine strategy, and decisions about viable defenses are 'within the exclusive province of defense counsel to make after consultation with his client.'" *State v. Wade*, 8th Dist. Cuyahoga No. 90145, 2008-Ohio-4870, ¶ 10, quoting *State v. Murphy*, 91 Ohio St.3d 516, 524, 747 N.E.2d 765 (2001). Moreover, even if Sims did not get along well with counsel, a lack of rapport is not sufficient to constitute a total breakdown when it does not inhibit the attorney from both preparing and presenting a competent defense. *State v. Lewis*, 11th Dist. Lake No. 2012-L-074, 2013-Ohio-3974, ¶ 48.

**{¶22}** Having failed to demonstrate good cause to warrant the termination of counsel, we find the trial court did not abuse its discretion by denying Sims's motion.

**{¶23}** Sims's fourth assignment of error is overruled.

**{¶24}** Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

EILEEN T. GALLAGHER, PRESIDING JUDGE

MELODY J. STEWART, J., and
PATRICIA ANN BLACKMON, J., CONCUR