[Cite as *State v. Watts*, 2025-Ohio-305.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | |
| LANE WATTS, | : | Case No. CT2024-0076 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Muskingum County
                             Court of Common Pleas, Case No.
                             CR2024-0033

JUDGMENT:                    Affirmed

DATE OF JUDGMENT:            January 31, 2025

APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

JOSEPH PALMER                         APRIL F. CAMPBELL
Assistant Prosecutor                  Campbell Law, LLC
27 North 5th Street #201              545 Metro Place South, Suite 100
Zanesville, Ohio 43701                Dublin, Ohio 43017

*Baldwin, J.*

**{¶1}** The appellant appeals the trial court's acceptance of his guilty plea to one count of felonious assault and the sentence imposed by the trial court. Appellee is the State of Ohio.

### STATEMENT OF THE FACTS AND THE CASE

**{¶2}** On or about June 12, 2023, the appellant, who was incarcerated at the Muskingum County Jail, punched another inmate in the face resulting in serious injury. The altercation was captured on video.

**{¶3}** On January 18, 2024, the appellant was indicted on one count of felonious assault in violation of R.C. 2903.11(A)(1) and (D)(1)(a), a second degree felony, with a repeat offender specification pursuant to R.C. 2941.149(A); and, one count of tampering with evidence in violation of R.C. 2921.12(A)(1) and (B), a third degree felony. The appellant was appointed counsel, and was arraigned on March 6, 2024, at which time he pleaded not guilty. The matter was thereafter scheduled for trial.

**{¶4}** A number of hearings were scheduled in the matter. In a hearing conducted on May 6, 2024, the appellant's trial counsel advised the trial court that the appellant refused the counsel's jail visits. As a result, counsel had not been able to review the video evidence with the appellant. The trial court granted a continuance in order for appellant's trial counsel to meet with the appellant and review the video evidence with him. In a hearing conducted on June 10, 2024, the appellant's counsel advised the court that the appellant was still refusing visits from counsel, and had still not seen the video evidence. The appellant, who was present at the June 10th hearing, expressed dissatisfaction with his trial counsel, and told the trial court that he did not want his attorney to represent him

anymore because counsel had refused to acquire additional video footage that the appellant thought may show another individual striking the victim after the appellant's assault. His trial counsel responded, telling the court that the appellant demanded he acquire an additional five hours of video recorded after the incident in order to see if maybe somebody else had assaulted the victim; however, no such video existed, and therefore the appellant's attorney had no access to it. The appellant's counsel told the trial court that he had a copy of a video of the incident which was provided during discovery, and while he kept going to the jail to visit the appellant and show him the video, the appellant continued to refuse to see him. Counsel for the appellee told the court that he believed all the video evidence that existed had been provided to appellant's counsel. The trial court suggested to the appellant that he meet with his appointed counsel, and the appellant thereafter did so.

{¶5} Once the appellant met with his counsel and had an opportunity to review the video evidence, he no longer sought to terminate his counsel's representation. Instead, he entered into a plea agreement with the appellee in which he pleaded guilty to one count of felonious assault; the parties jointly recommended an eight-year minimum sentence to be served consecutively to the prison term the appellant was already serving; and, the appellee dismissed the tampering with evidence count, as well as the repeat violent offender specification attached to the felonious assault charge to which the appellant pleaded guilty. The trial court conducted the requisite Crim.R. 11 colloquy, after which he imposed the sentence that was jointly recommended by the parties.

**{¶6}** The appellant filed a timely appeal, and his counsel filed a brief pursuant to *Anders v. California,* 386 U.S. 738 (1967), in which she sets forth the following three potential assignments of error:

**{¶7}** "I. THE TRIAL COURT ERRED IN ACCEPTING WATTS'S GUILTY PLEA UNDER CRIM.R. 11."

**{¶8}** "II. THE TRIAL COURT ABUSED ITS DISCRETION IN NOT APPOINTING NEW COUNSEL FOR WATTS DURING WATTS PRETRIAL HEARING."

**{¶9}** "III. THE TRIAL COURT ERRED IN SENTENCING WATTS."

**STANDARD OF REVIEW**

**{¶10}** The United States Supreme Court held in *Anders* that if, after conscientious examination of the record, an appellant's counsel concludes the case is wholly frivolous, then he or she should so advise the court and request permission to withdraw. *Id.* at 744. Counsel must accompany the request with a brief identifying anything in the record that could arguably support the appeal. *Id.* Counsel also must: (1) furnish his client with a copy of the brief and request to withdraw; and, (2) allow his client sufficient time to raise any matters that the client chooses. *Id.* Once the appellant's counsel has satisfied these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. *Id.*

**{¶11}** Attorney April Campbell, counsel for appellant, moved to withdraw on August 29, 2024, pursuant to *Anders*, informing this Court that she had conscientiously

examined the case, reviewed the entire record and researched all potential issues, and determined that there were no meritorious issues for review which would support an appeal. Attorney Campbell requested that this Court make an independent review of the record to determine whether there are any additional issues that would support an appeal, and certified that she provided a copy of the Appellant's *Anders* Brief, along with copies of the relevant transcripts, to the appellant. In addition, this Court informed the appellant in a September 11, 2024, Judgment Entry that the Court received notice that he had been informed by his attorney that an *Anders* brief had been filed on his behalf and provided notice that supplied the appellant with a copy; and, granted the appellant sixty days from the date of the entry to file a pro se brief in support of his appeal. The appellant has not filed a pro se brief.

**{¶12}** The record establishes that the appellant's counsel has satisfied the requirements set forth in *Anders.* Accordingly, we review the record in this case and determine whether any arguably meritorious issues exist, "… keeping in mind that, '*Anders* equates a frivolous appeal with one that presents issues lacking in arguable merit. An issue does not lack arguable merit merely because the prosecution can be expected to present a strong argument in reply or because it is uncertain whether a defendant will prevail on the issue on appeal. 'An issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal.' *State v. Pullen,* 2002-Ohio-6788, ¶ 4 (2nd Dist.); *State v. Marbury,* 2003-Ohio-3242, ¶ 7-8 (2nd Dist.); *State v. Chessman,* 2005-Ohio-2511, ¶ 16-17 (2nd Dist.)." *State v. Moore*, 2009-Ohio-1416, ¶4 (2nd Dist.).'" *State v. Reynolds*, 2024-Ohio-1956, ¶ 10 (5th Dist.).

## ANALYSIS

### First Potential Assignment of Error

{¶13}  The appellant's counsel submits as a potential assignment of error that "the trial court erred in accepting Watts's guilty plea under Crim.R. 11."  We disagree.

{¶14}  Our review of the record confirms that the trial court fully complied with Crim.R. 11 when it accepted the appellant's plea, engaging in a thorough colloquy with the appellant regarding his change of plea to guilty. The trial court advised the appellant of the constitutional rights he was giving up by pleading guilty; informed him regarding maximum potential penalties, including the fact that by pleading guilty he was subject to a mandatory prison sentence and post-release control; and, confirmed his understanding that the parties had jointly recommended an eight-year sentence. The trial court also ensured that the appellant understood that the eight-year jointly recommended sentence would be served consecutive to the prison sentence he was currently serving. Finally, the trial court questioned the appellant to determine whether his plea was validly entered, and determined that it was. Accordingly, the appellant's guilty plea was knowingly, voluntarily, and intelligently given, and there was no error in the trial court's acceptance of the appellant's guilty plea.

### Second Potential Assignment of Error

{¶15}  The appellant's counsel submits as a second potential assignment of error that "the trial court abused its discretion in not appointing new counsel for Watts during Watts pretrial hearing."  We disagree.

{¶16}  During the June 10, 2024, hearing, the appellant did not request new counsel, but rather, stated only that he no longer wanted his current counsel to represent

him. The appellant's trial counsel responded by telling the court that the appellant had refused to even meet with him and insisted that, despite there being videotape evidence of his assault on the victim and a recorded telephone call in which he admitted to the assault, there might be video of a subsequent assault upon the victim. The trial court suggested to the appellant that he actually meet with his trial counsel, who had advised the court that he had previously had several productive telephone calls with the appellant, and view the video. The trial court did not abuse its discretion in not appointing the appellant new counsel.

{¶17} Furthermore, as set forth by the court in *State v. Gowdy*, 2024-Ohio-1765, ¶27 (1st Dist.): "[w]hen defendants waive their rights to a jury trial and plead guilty, they also waive any challenge to the trial court's pretrial rulings." See, also, *State v. Montgomery*, 2007-Ohio-439, ¶19 (2d Dist.) ("[a] guilty plea waives any error in the proceedings that does not implicate the validity of the guilty plea.") This includes issues between counsel and the defendant. See, *State v. Sims*, 2018-Ohio-388, ¶21 (8th Dist.) (motion to terminate counsel not motivated by a total breakdown in communication was waived by pleading guilty). This also includes dissatisfaction in having to choose between pleading guilty or gambling on "heftier sanctions" at trial. *Gowdy*, supra, at ¶29. Finally, the appellant's allocution revealed that he understood the consequences of his guilty plea. The trial court did not abuse its discretion, and committed no error, when it did not appoint the appellant new counsel.

### *Third Potential Assignment of Error*

{¶18} The appellant's counsel submits as a third potential assignment of error that "the trial court erred in sentencing Watts." We disagree.

**{¶19}** R.C. 2953.08(D)(1) provides that "[a] sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." This language was applied by this Court in *State v. Rockwell,* 2005-Ohio-5213 (5th Dist.) as follows:

As is stated above, appellant was sentenced to the twenty year sentence that was recommended jointly by the defense and the prosecution. R.C. 2953.08(D) states the following, in pertinent part; "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by the sentencing judge...." A jointly recommended sentence is "authorized by law" if it does not exceed the maximum sentence that the statute permits a trial court to impose. *State v. Rogg,* Highland App. No. 00CA07, 2001–Ohio–2366; *State v. Engleman* (Aug. 18, 2000), Hamilton App. No. C–990845, 2000 WL 1162002; *State v. Amstutz* (Nov. 8, 1999), Stark App. No.1999CA00104, 1999 WL 1071966.

Upon review, we find that the trial court imposed the agreed upon sentence and that the sentence did not exceed the maximum sentence. Furthermore, in such cases, there is no need to make the findings required under R.C. 2929.14(B) and 2929.14(E)(4). See *State v. Porterfield,* 106 Ohio St.3d 5, 829 N.E.2d 690, 2005–Ohio–3095 in which the Ohio Supreme Court held that "[o]nce a defendant stipulates that a particular sentence is

justified, the sentencing judge no longer needs to independently justify the sentence." Id at. paragraph 25. See also *State v. Horsley,* Richland App. No. 04–CA–95, 2005–Ohio–2987, *State v. Turner,* Richland App. Nos. 04–CA–01, 04–CA–27, 2005–Ohio–2986. See also *State v. Bryant,* Lucas App. No. L–03–1359, 2005–Ohio3352, in which the court, in response to the appellant's argument that his sentencing violated *Blakely,* supra., held that "the eight year sentence imposed by the trial court was an agreed upon sentence and any matters concerning that sentence are not subject to review under R.C. 2953.08(D)(11). Id at paragraph 24.

In short, we find that appellant was sentenced in accordance with a jointly recommended sentence that was authorized by law. Appellant's sentence, therefore, is not subject to review.

*Id.* at ¶¶19-21. See, also, *State v. Lee,* 2009-Ohio-3423, ¶18 (5th Dist.) ("[w]here the record indicates that a defendant freely and knowingly entered into a plea agreement and a jointly recommended sentence, and the trial court imposes that sentence which is authorized by law, the sentence is not subject to appellate review.")

{¶20} The trial court sentenced the appellant in accordance with a jointly recommended sentence that was authorized by law. The June 12, 2024, Plea of Guilty form set forth the charge to which the appellant was pleading guilty, the stated minimum prison term, the indefinite term, the possible maximum, the possible fine, the mandatory fine, the mandatory prison time, and whether prison time must be consecutive. The Plea of Guilty form further reflects that the appellant received the "Notice of Non-Life Felony Indefinite Prison Term", and was advised regarding post-release control. The Plea of

Guilty form specifically stated that "the parties agree to a joint recommendation that the [appellant] be sentenced to eight (08) years in prison, to be served consecutively to the sentence the [appellant] is currently serving out of Muskingum County Common Pleas Court, Case No. CR2023-0166." The Plea of Guilty form was initialed by the appellant at significant sections, and was signed by the appellant and his trial counsel.

**{¶21}** Furthermore, the trial court conducted a Plea Hearing at which it reviewed with the appellant the contents of the Plea of Guilty form, and conducted the requisite Crim.R.11 colloquy. Based upon the fact that the appellant entered into a joint agreement in which he agreed to plead guilty to Count 1 in exchange for the prosecution's dismissal of Count 2 and the Repeat Violent Offender Specification attached to Count 1, and an 8 year prison term to be served consecutively, and that sentence is precisely what the trial court imposed, the appellant's sentence is not subject to review. Accordingly, potential assignment of error number three is without merit.

**CONCLUSION**

**{¶22}** Based upon the foregoing, and after independently reviewing the record, we agree with appellate counsel's conclusion that no non-frivolous claims exist that would justify remand or review of the appellant's conviction or sentence. We therefore find the appeal to be wholly frivolous under *Anders.* Attorney Campbell's motion to withdraw as counsel for the appellant is hereby granted, and the judgment of the Muskingum County Court of Common Pleas is hereby affirmed.

By: Baldwin, J.

Hoffman, P.J. and

King, J. concur.