[Cite as *State v. Hicks*, 2025-Ohio-3068.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,              :

                                 No. 114532

    v.                               :

JORDAN HICKS,                           :

    Defendant-Appellant.             :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** August 28, 2025

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-23-684821-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Brad Meyer, Assistant Prosecuting Attorney, *for appellee.*

P. Andrew Baker, *for appellant.*

WILLIAM A. KLATT, J.:

**{¶ 1}** Defendant-appellant Jordan Hicks ("Hicks") appeals from his convictions following a guilty plea.[1]  For the following reasons, we affirm Hicks's convictions.

**Factual and Procedural History**

**{¶ 2}**  This case arose from Hicks's alleged involvement with an automobile theft ring in 2022 and 2023.  On October 3, 2023, a Cuyahoga County Grand Jury indicted Hicks and seven codefendants in a 224-count indictment.  The indictment charged Hicks with 80 counts that included, but were not limited to, murder, aggravated murder, attempted murder, felonious assault, grand theft, arson, receiving stolen property, and numerous firearm specifications.  The underlying facts are not relevant to the instant appeal.

**{¶ 3}**  On October 6, 2023, Hicks pleaded not guilty to the indictment and the trial court assigned two attorneys to represent Hicks.  On July 25, 2024, Hicks filed, pro se, a handwritten pleading titled "Defendant's Motion to Withdraw Counsel."  The motion sought to remove Hicks's appointed counsel because of their "ineffectiveness" and "negligence of duty."   Hicks attached to the motion a memorandum that stated since his incarceration on August 14, 2023, he had neither discussed with his counsel the bill of particulars filed against him nor received from counsel a physical copy of the pleading.  Hicks stated he was not receiving "adequate

---

[1] This is a companion case to the appeal in 8th District Cuyahoga No. 114449.

legal representation" and he was dissatisfied with his attorneys' "lack of communication and poor performance."

{¶ 4} On August 1, 2024, the trial court conducted a hearing on Hicks's motion at which Hicks and defense counsel stated their positions relative to the issues raised in the motion. Hicks stated the following:

> Um, I would like to disqualify both counsel on my behalf because [the attorneys] lack[] the services needed and failed multiple times to accomplish anything when asked. They both never answer my questions or responses and are always short in time. Their response is always like they ignore what I say.
>
> And during the visits I'm always getting misleading information pertaining to my case and they don't know anything about what's going on.
>
> And I asked for my motion for discovery plenty of times and they constantly ignore my request. So I don't know what evidence they have against me nor what I'm up against. So I just don't feel comfortable going to trial with the two [attorneys] because I don't feel they're on my side to help fight for my innocence and freedom and also to prepare for trial.
>
> So I ask the court to please move to grant this motion.

Tr. 64-65.

{¶ 5} The assistant prosecuting attorney confirmed that he had provided all outstanding discovery to defense counsel including police reports, DNA reports, and digital evidence. One defense counsel spoke on behalf of himself and co-counsel, and the following exchange took place at the hearing:

> COURT: You have heard what Mr. Hicks's complaints are. Do you have anything to say on the record on whether they're true, false or maybe a combination of both?

DEFENSE COUNSEL: I think they're probably a combination of both, your Honor. Obviously there's a bunch of opinions in there which are — which he is entitled to have.

THE COURT: I'm sorry to interrupt you. I asked you to say something and I interrupted you right away. But what I want to know is this. Have you discussed or summarized the discovery that you've received with Mr. Hicks?

DEFENSE COUNSEL: Yes, your Honor. There is a specific allegation that we haven't turned over copies of discovery. I generally don't do that. Some of the discovery is "counsel only." Some of the discovery is digital and he wouldn't have any way to access that at the county jail. And when people are at the county jail, I generally don't give even copies of police reports that aren't counsel only just because I'm always concerned about them leaving their discovery in the cell, maybe someone else going into that cell and accessing it and then using it against the accused. So that's certainly 100 percent accurate that we haven't provided the discovery.

THE COURT: Meaning given actual copies.

DEFENSE COUNSEL: Hard copies. We have reviewed the discovery with him. We have explained it as best as we could. It is a very complicated case so — just in regards to the amount of discovery — so it is difficult to get succinct answers all the time. But I certainly don't want to dispute any feelings that he has about us because that's obviously what he's entitled to think.

Tr. 66-67. The trial judge stated he would take the motion into consideration but regardless of the ruling, trial would begin as scheduled on August 12, 2024.

{¶ 6} On August 6, 2024, the trial court issued a journal entry that denied Hicks's motion to disqualify assigned counsel. On August 12, 2024, following a Crim.R. 11 colloquy, the trial court accepted Hicks's guilty pleas to 31 felonies and one misdemeanor. The court sentenced Hicks, on September 10, 2024, to an aggregate sentence of 21 years and six months in prison.

{¶ 7} On November 7, 2024, Hicks filed a delayed notice of appeal — that this court granted on November 25, 2024 — presenting a sole assignment of error: "The trial court erred in denying defendant-appellant's request for new[ly] appointed counsel."

**Legal Analysis**

{¶ 8} Hicks argues that the trial court erred when it denied his motion for new counsel. Hicks concedes the trial court conducted a hearing on his motion but contends the elicited testimony showed he was not provided with physical copies of discovery and his counsel failed to address the allegations of lack of communication and the provision of misleading information. The State argues Hicks waived the right to appeal this issue when he pleaded guilty or, alternatively, the trial court did not abuse its discretion when it denied Hicks's motion.

{¶ 9} Hicks's convictions resulted from guilty pleas following a Crim.R. 11 colloquy and an explanation by the trial court of the constitutional and nonconstitutional rights Hicks would waive by pleading guilty.

{¶ 10} "A plea of guilty is a complete admission of the defendant's guilt." Crim.R. 11(B)(1). "By entering a guilty plea, a defendant is not simply stating that he or she committed the discrete acts described in the indictment; he or she is admitting guilt of a substantive crime." *State v. Albright*, 2019-Ohio-1998, ¶ 36 (8th Dist.). "'[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process.'" *State v. Spates*, 64 Ohio St.3d 269, 272 (1992), quoting *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). A guilty plea waives the right to

appeal all nonjurisdictional defects in the prior proceedings, although the defendant may contest the constitutionality of the plea itself. *State v. Sims*, 2018-Ohio-388, ¶ 12 (8th Dist.), citing *State v. Darling*, 2017-Ohio-7603, ¶ 12 (8th Dist.), citing *State v. Lewis*, 2015-Ohio-5267, ¶ 16 (8th Dist.).

{¶ 11} On appeal, Hicks's argument relates solely to his motion to disqualify counsel and why, substantively, the trial court should have granted the motion. Hicks asserts that defense counsel failed to provide him with written copies of discovery, defense counsel refused to answer his questions, and defense counsel provided misleading information. Hicks's assigned error does not relate to the constitutionality of the plea itself, nor does it challenge the adequacy of the trial court's Crim.R. 11 colloquy. Accordingly, we find Hicks's guilty plea waived his right to assert his arguments on appeal and his sole assignment of error is overruled.

{¶ 12} Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
WILLIAM A. KLATT, JUDGE*

MICHELLE J. SHEEHAN, P.J., and
EMANUELLA D. GROVES, J., CONCUR

(*Sitting by assignment:  William A. Klatt, J., retired, of the Tenth District Court of Appeals.)